## McElwain *vs.* Willis and others.

Where, after a creditor's bill had been filed, upon the return of an execution at law unsatisfied, the complainant obtained a second judgment and issued an execution thereon ; but the defendant having no property which could be reached by the sheriff, the complainant filed a supplemental bill without waiting for the return of the execution ; *Held,* that the supplemental bill could not be sustained.

An omission of the averments required in a creditor's bill by the 189th rule, is a good ground of demurrer.

Where there is a mere formal defect in a bill, if the defendant does not make the objection by demurrer, or insist thereon in his answer, he will be precluded from raising the objection at the hearing.

If the defendant has answered the original bill, and demurred to the supplemental bill only, it is erroneous to dismiss the original bill, with costs, upon the mere allowance of the demurrer to the supplemental bill.

Upon the allowance of a demurrer upon the ground of a mere formal defect in the bill, the complainant will be permitted to amend his bill upon terms, if it appears that his counsel acted under a mistake.

THIS was an appeal from a decretal order of the vice chancellor of the first circuit. The original bill was filed against the defendants Willis and Robinson, as judgment debtors, against whom an execution at law had been returned unsatisfied ; and against the defendant Yardley, and two others, who were charged with having obtained a fraudulent assignment of the property of Willis and Robinson. A few days after the filing of the bill, and before the defendants had answered the same, the complainant filed a supplemental bill, stating the recovery of a second judgment against the same defendants since the commencement of this suit, upon which judgment an execution had been issued, but it had not yet been returned. Willis answered the original bill, but demurred to the supplemental bill for want of equity ; and Yardley answered the supplemental bill, but demurred to the original bill ; alleging as a cause of demurrer that it did not contain

1832.

McElwain
v.
Willis.

the averments required by the 189th rule of this court. The other defendants answered both bills. Upon the argument of the demurrers before the vice chancellor, both were allowed. And both bills were ordered to be dismissed, as against the defendants Yardley and Willis, with costs; although the complainant, upon the hearing, had asked for liberty to amend his original bill, in case the demurrers should be allowed. From this order allowing the demurrers, and directing the bills to be dismissed, the complainant appealed to the chancellor.

*D. Graham, jun.* for the complainant.

*Lorenzo Hoyt,* for the defendants.

THE CHANCELLOR. The objections taken by the demurrers to the original and supplemental bills were valid in substance. It is not alleged in the complainant's original bill that there was any estate of Willis & Robinson which could be the subject of a sale under an execution at law, and which was protected from the operation of the execution by means of the fraudulent assignment. The only ground, therefore, on which the jurisdiction of this court could be sustained, was that the complainant's remedy at law had been exhausted by the return of the execution unsatisfied. This being the case, the bill should have contained the averments required by the 189th rule; and the want of those averments was a good ground of demurrer to the bill for defect of form. The supplemental bill was also defective and formed no foundation for relief in relation to the supplemental matter, because it appeared, on the face of that bill, that it was filed before the return day of the execution on the second judgment; and it was not alleged therein that there was any property on which the complainants had obtained a lien by the issuing of that execution. Although the complainant considered the return of this execution mere matter of form which would not essentially vary the rights of the parties, as the defendants had no property on which the execution could be levied, yet it was a form essential to the jurisdiction of this court to decree satisfaction of

that judgment out of the equitable assets or choses in action of those defendants. (*Beck* v. *Burdett*, 1 *Paige's Rep.* 305.)[a]

But notwithstanding these demurrers were properly allowed, I think the vice chancellor should have reserved to the complainant the right to apply for an amendment of the original bill so as to make it conformable to the provisions of the 189th rule, upon the usual terms of paying to the defendants who had answered the bill the costs of answering the amendments if a further answer to them should be deemed necessary. The omission to insert these averments in the bill, probably, must have arisen from the fact that the solicitor was not aware of, or through inadvertence, had overlooked this rule which had been adopted but a few months previous to the commencement of the suit. The order appealed from is also erroneous in other particulars, to which, I presume, the attention of the vice chancellor was not directed. The defendant Willis had answered the original bill. The objections to that bill were merely formal; and as he had not made those objections, either by demurrer or by insisting upon them in his answer, he is probably precluded from raising them upon the hearing.[b] Yet upon the allowance of the demurrer to the supplemental bill only, both the original and supplemental bill were directed to be dismissed, as against this defendant, with costs. In this respect the order of the vice chancellor is clearly erroneous; and I presume if his attention had been directed to the fact that the demurrer of the defendant Willis did not profess to cover the original bill, he would not have directed that bill to be dismissed, as against the defendant who had answered it, in this stage of the cause. A similar objection exists to that part of the order which directs the supplemental bill to be dismissed, with costs, as against the defendant, Yardley, who had demurred to the original bill only. It is true the supplemental bill cannot be sustained against Yardley if the original bill is dismissed as to

(a) This part of the decision of the chancellor was appealed from by the complainant, and was affirmed by the court for the correction of errors, in December, 1832.

(b) See *Wilkinson* v. *Parry*, 4 *Russ. Rep.* 274.

him. But as every ground of objection to the original bill appeared upon the face of the supplemental bill, and might have been urged by way demurrer to that bill also, there could have been no good reason for adopting the course of pleading which has been resorted to in this case, except for the purpose of embarrassing the proceedings of the complainant, and to charge him with unnecessary and accumulated bills of costs. Under such circumstances, although this supplemental bill cannot be sustained, after the original bill upon which it is founded is dismissed, the defendant is not entitled to costs upon the supplemental bill. Neither was it strictly regular to order the supplemental bill to be dismissed in this stage of the suit, as against the defendant, Yardley, who had answered that bill without objection.

The decretal order of the vice chancellor must therefore be reversed, with costs, to be paid by the defendants, Willis & Yardley. And an order must be entered allowing the demurrer of Willis to the supplemental bill, and dismissing that bill as to him, with the costs of the demurrer and of the argument thereon. The demurrer of Yardley to the original bill must also be allowed, with the costs of that demurrer and of the proceedings thereon before the vice chancellor. But the complainant must have liberty, at any time within sixty days, to apply to the vice chancellor to amend the original bill in such manner as to comply with the requirements of the 189th rule, upon such terms and conditions as to the costs of the several parties who had perfected their answers to the same at the time of the decision of the vice chancellor, as may be just. The amendments must be verified by the oath of the complainant, in the usual form. And if the amendments are not made within the time above limited for that purpose, the original bill is to be dismissed, with costs, as against the defendant Yardley.