The Vice-Chancellor.
It is no longer a ground of demurrer, that the complainant omits to state in the bill, his occupation or addition.
The omission of the signature of solicitor or counsel is a cause for moving to take the bill from the files of the court. It is matter of practice, not of pleading ; and is not a proper subject for a demurrer.
I think otherwise of the omission to verify the bill, or to waive an answer on oath. The bill as served, is one not verified by the oath of the complainant, and yet it requires an answer on the oath of the defendant. By the 17th rule, if the bill do not waive the defendant’s oath to the answer, it must be verified by the complainant or his agent, attorney or solicitor.
This is a substantial part of the pleading, having a vital influence on the cause; and the omission to comply with the positive requirement of the standing rule, is a defect in the bill for which a demurrer may be interposed. The chancellor has so decided in respect of the averments in creditor’s bills, prescribed by the 189th rule. (McElwain v. Willis, 3 Paige, 505.)
As this defect is obviously a slip or clerical error, which might be amended, I have looked into the demurrer for want of equity, which was raised ore tenus, at the hearing. No relief is prayed against Pettis, nor is it stated that the discovery from him is essential or material. It does not appear by the bill, that Abbott has not a perfect remedy at law. The facts stated, are available at the trial, in his defence, and there is no apparent reason for his coming into this court.
*405 On these grounds, the bill must be dismissed as to Pettis, but without costs. It is dismissed finally, on the demurrer ore terms, which, if it were the only valid one, would be allowed upon payment of costs. On the other hand, the demurrer for form, being well taken, would, standing alone, entitle the defendant to a bill of costs, on the complainant’s amending. It will be equitable, therefore, to give no costs to either party.