Sandford, J.
This demurrer presents the question whether since the code of procedure went into effect, a judgment credi *232 tor is at liberty to proceed by a complaint, in the nature of a creditor’s bill, where his execution was issued and returned unsatisfied, before the code. All the justices of this court have acted upon the assumption, that the creditor may thus proceed; but in consequence of the formal argument in this case, I have consulted with my associates, and will now announce the conclusion in which we all concur.
The sixty-fourth section of the code is relied upon as cutting-off the remedy sought by this suit. It provides that no action shall be brought upon a judgment rendered in any court of this state, between the same parties, without leave of the court, &c. The exceptions need not be noticed for my present purpose. This suit is undoubtedly an “ action,” within the definition of the code.
The substituted remedy for the former creditor’s suit, which is found in chapter 2 of title 9 of the second part, is made applicable to executions thereafter issued on judgments and decrees recovered prior to the code, by the “Act to facilitate the determination of existing suits in the courts of this state.” (Laws of 1848, ch. 380.) Whether the words “ hereafter issued,” in that act, mean after the first day of July, when the code took effect, or after the twelth day of April, on which day the act became a law, we will not decide in this place, for the execution in this case was returned before either of those dates.
It is clear, that the new remedy provided by the code, does not reach the case; and the plaintiff must proceed by a complaint similar to a creditor’s bill as formerly in vogue, or his remedy founded upon the return of his execution is gone.
We find that the 388th section, which repeals all statutory provisions inconsistent with the code, expressly enacts, that all rights of action given or secured by existing laws, may be prosecuted in the manner provided by the code. A right of action is to be enforced by an action; and this with the express application of the substituted remedy to executions issued after the act of April 12th, before referred to, became operative, satisfactorily shows, that the judgment creditor whose execution was issued and returned before that period, cannot avail himself of the summary proceeding so substituted.
*233 By the law existing at the passage of the code, the plaintiff an this case had a perfect right of action against the defendant, founded upon his judgment, his execution, and the return of the latter unsatisfied. This right was conferred by statute, and was to be enforced by a bill in equity. (2 R. S. 173, § 38, &c.) It was preserved by section 388 of .the code, with the modification that it must be prosecuted in .the manner therein provided. That is, instead of a creditor’s bill, the plaintiff was required to proceed by a complaint, and tq conform his suit to the forms prescribed by the code. The section abolishing actions of discovery in aid of other .actions, (§ 343,) does not affect the point. A discovery was one of the features of a creditor’s suit, as it was of most suits in equity; but it was an incident and not the chief end of the suit.
The rules of court requiring certain allegations to be inserted in a creditor’s bill, are superseded by the code which declares what shall be stated in the complaint. It suffices, if the plaintiff comply with the code, and also set forth all that by the revised statutes was made requisite to the filing of a creditor’s bid.
As to the want of an allegation, that the defendant has equitable interests or property to the value of one hundred dollars and more; this was one of the requirements of the rules of the court of chancery and supreme court in equity. It is not necessary to be alleged. What may be the result, if the plaintiff fail to establish that the defendant has property to the amount of seventy-five dollars, (Laws of 1847, ch. 470, § 21, and ch. 280, § 31,) it will be time enough to consider when the question arises.
The statement of the execution is sufficient.
Judgment for plaintiff on the demurrer.