By the Court.
It is insisted that under the code of procedure, a complaint in the nature of a creditor’s bill, will not lie. We find however, that the supplemental act, (Laws of 1848, ch. 380, § 2,) does not apply the provisions of the code for proceedings after execution, to. existing suits, except where the execution was issued after the code took effect. The language is, “ executions hereafter issuedwhich means, not after April 12, 1848, the date of the passage of the act; but after *637 July 1, 1848, when the act went into operation and from which date it speaks.
It is quite clear therefore, that there could be no proceeding had under the code, for the examination of the defendant, founded upon the return of this execution. As to the argument founded on the abolition of bills of discovery, (Code of 1848, 5 343;) that provision does not apply to the examination of a debtor touching his property, but to the ordinary discovery sought by bills and made by answer. This proceeding is in aid of an execution on a judgment already obtained. The creditor’s suit in respect to existing cases, is not in terms abolished, and there is no other remedy open to the plaintiff. All existing remedies not inconsistent with the code, were retained.
' Again, it is said this is an action on a judgment, which is prohibited by section 64 of the code of 1848. We think it is not such an action, within the meaning of that section. Though it assumes the form of an action, it is really a proceeding to carry out an existing judgment, and to aid the process issued upon it. We have no doubt the suit was properly brought.
The answer put in was clearly insufficient as an answer under the old system, and it was properly stricken out. As to the examination directed, there is no reason for applying a different rule from that formerly prevailing. There might be a personal examination of the defendant under the code, if the answer had stood, and no more is directed by the order.
Order affirmed-