## SUPREME COURT.

### Goodyear agt. Betts and Smith.

The 299th section of the Code is confined in its operation to cases where proceedings supplementary to execution have been instituted under the chapter in which it is found; it is not in the way, therefore, of an action in the nature of a creditor's bill for the purpose of having an assignment or other disposition of property by the judgment debtor declared fraudulent, &c.

A party applying to have property in controversy placed in the hands of a receiver, pending the litigation, must show at least a probable interest in the property, and that there is danger of its being lost without such protection.

*Albany Special Term, April* 1852. *Motion for a receiver.* The complaint alleges that the plaintiff has recovered a judgment against the defendant Betts, upon which an execution has been issued and returned unsatisfied; that Betts, having been extensively engaged in business, had acquired a large amount of property, and that sundry persons had become indebted to him, and that on the 12th of January 1852, and before the recovery of the plaintiff's judgment, he assigned all his property and effects to the defendant Smith, for the benefit of creditors; and that Smith now claims to hold the property so assigned, in trust for the creditors of Betts. The complaint then proceeds to allege and

Goodyear agt. Betts and Smith.

charge facts tending to show that the assignment was made to hinder and delay creditors. Among other things, it is alleged that Smith is wholly irresponsible; that he had not property enough to pay his debts. Upon the complaint, duly verified, and affidavits in support of the allegations and charges in the complaint, the plaintiff moved for the appointment of a receiver of the assigned property.

Affidavits were read in opposition to the motion, denying the solvency of Smith, and tending to show that the assignment was made in good faith.

J. H. Ramsay, *for Plaintiff.*

H. Smith, *for Defendants.*

Harris, Justice.—A question has been made whether a judgment creditor can, under the present practice, when the property of his debtor is in the hands of a third person, and is claimed by such third person, reach such property by an action brought directly for that purpose. The 299th section of the Code declares that when a person alleged to have property of a judgment debtor, claims an interest in such property, it shall be recoverable *only* in an action against such person *by the receiver.* It has been supposed that this provision rendered it necessary for the creditor, before proceeding to recover property alleged to have been fraudulently transferred by his debtor, to procure the appointment of a receiver and have the suit against the fraudulent assignee instituted by and in the name of the receiver. The language of the provision, when taken by itself, is certainly broad enough to bear this construction. It declares that the interest claimed by such third person " shall be recoverable *only* in an action against such person by the receiver." But I think it was intended that this provision should be confined, in its operation, to cases where proceedings supplementary to execution had been instituted under the provisions of the chapter in which this section is found. It had been provided that in certain cases, the judge before whom the proceedings should be had, might, without the intervention of a receiver, make an order for the application of the property of the debtor, whether in his own hands, or that of another person, to the satisfaction of the judgment. The provision in

Goodyear agt. Betts and Smith.

the 299th section seems to have been intended as a restriction upon this power, so that it should only be exercised when the debtor's right to the property is undisputed. This, I think, is the fair meaning and true construction of this provision of the Code. It is not in the way, therefore, of an action, like that brought by the plaintiff, in the nature of a creditor's bill, for the purpose of having an assignment, or other disposition of property by the judgment debtor declared to be fraudulent, and the property applied to the satisfaction of the judgment.

But though the action is properly brought, I do not think the plaintiff is entitled to an order for the appointment of a receiver of the assigned property. The principle upon which the court directs property in controversy to be placed in the hands of a receiver, pending the litigation, is, that the party applying for a receiver has shown at least a probable interest in the property, and that there is danger of its being lost without such protection. The plaintiff charges upon information and belief only, that the assignee is not the owner of property or effects of any description sufficient to pay his debts and liabilities. This allegation, undenied, would be sufficient to show that the property was in danger, and required the appointment of a receiver (Connah vs. Sedgwick, 1 *Barb. R.* 210, and cases there cited). But the defendants' affidavits satisfactorily show that the plaintiff is mistaken in respect to the pecuniary condition of the assignee. There is, therefore, no ground for taking the assigned property out of his hands before the rights of the parties are determined by the judgment of the court.

The motion must, therefore, be denied with $10 costs, to abide the event of the suit.