HAMMOND and others *vs.* THE HUDSON RIVER IRON AND MACHINE COMPANY, MEARS and BEACH.

An action will lie, in aid of a suit at law, to reach property and effects in the hands of parties who, it is alleged, have fraudulently received the same from the judgment debtors, and unjustly assert a claim thereto against the plaintiff's judgment and execution

The remedy, where a creditor's bill was proper previous to the code, is still preserved, in the form of an action in the supreme court.

The judgment creditor may commence the action for his own benefit, or in behalf of himself and all others in the same situation with himself who may choose to come in and contribute to the expenses of the suit. The rule has not been changed by the code.

It is not a subject of demurrer that all the creditors of the judgment debtors are not joined as plaintiffs.

A judgment creditor, who has exhausted his remedy at law, may obtain relief against his debtor's property in the hands of a fraudulent assignee, by a direct action against the debtor and the assignee, to reach the property thus held under the void assignment.

Where, in an action brought by a judgment creditor, against the judgment debtor, in aid of the suit at law, the complaint alleges that property and money received by third persons under and by virtue of a fraudulent assignment and judgment, was the property of the judgment debtor, such third persons are necessary parties to the action.

And where, independent of any claim such third persons might set up as owners of the property sought to be reached by the action, they were charged by

Hammond *v.* Hudson River Iron and Machine Co.

clear, distinct and specific allegations in the complaint, with fraudulent and unlawful acts, and with efforts to hinder and delay the plaintiffs in the collection of their debt; *Held*, on demurrer, that this was enough to render them proper parties to the action.

Where the subject of an action is the property of a judgment debtor, and the cause or ground of action is an impediment thrown in the way of collecting the plaintiff's judgment, and the object of the action is to remove the impediment —all other results being merely incidental, such as accounting, and applying the avails of the property which may be reached—and the defendants are charged jointly with the commission of the fraudulent acts, and they are alike concerned in the judgment, or thing to be recovered, although their interests, as to separate parts, are distinct, the complaint will be held to contain but one cause of action.

DEMURRER to the complaint. The complaint set up the recovery of a judgment in favor of the plaintiffs against the Hudson River Iron and Machine Company, a corporation duly organized, the issuing of an execution thereon to the proper county, and its return by the sheriff unsatisfied. That the amount of the judgment remained due, and that the plaintiffs were the owners thereof. That the company had property, equitable rights and choses in action, which ought to be applied on the judgment, and that the company was insolvent. That the defendants, Mears and Beach, claimed property and effects belonging to the company, as assignees, under an assignment from the company to them, as a security for indorsements by them for the company, and had disposed of some part thereof; which assignment was alleged to be fraudulent and void as against the plaintiffs and other creditors. That the defendant Beach obtained a judgment against the company for the same debts and liabilities to secure which the assignment was made, and under execution issued thereon sold property and satisfied the same. That such judgment was fraudulently procured by Beach in collusion with the company and with Mears, and was fraudulent and void. That the company were insolvent when the assignment was made, and when the fraudulent judgment was obtained. That Beach and Mears were original corporators, and stockholders of the company, and ever since then had been and still were stockholders for nearly one-half of the amount of the capital stock; and that Mears, at the time of the making of the assign-

Hammond *v.* Hudson River Iron and Machine Co.

ment, was the treasurer of the company, and executed the same for and in behalf of the company. That Beach and Mears claimed, under the assignment, all the company's property, both real and personal. That Beach was in the possession of the real estate mentioned in the assignment, carrying on business, and that Mears acted as his agent. That the indebtedness for which the plaintiffs' judgment was obtained accrued before the making of the assignment.

The plaintiffs demanded as relief, that the assignment and judgment be adjudged fraudulent and void, and that the defendants Beach and Mears account for the property, with the avails of the property received by them and each of them under or by virtue of the same, and that the company might be decreed to pay the plaintiffs the amount found due them with costs, and be adjudged to apply for that purpose all property, money and effects belonging to it or held in trust for it, or fraudulently transferred to Beach and Mears. The complaint also asked for the appointment of a receiver, and for an injunction.

*Romeyn & Taber*, for the plaintiffs.

*A. D. Waite*, for the defendants.

BOCKES, J. This action is brought in aid of the suit at law, to reach property and effects in the hands of the defendants Mears and Beach, who it is alleged have fraudulently received the same from the judgment debtors, and unjustly assert a claim thereto against the plaintiffs' judgment and execution. The proceeding is one formerly recognized and much favored in the court of chancery. Its object was to assist an honest creditor, and to defeat the purposes of those fraudulently combining to avoid the due execution of the law. The remedy, when a creditor's bill was proper before the code, is still preserved in the form of an action in this court. (*Rogers* v. *Hein*, 1 *Code Rep.* 79. *Dunham* v. *Nicholson*, 2 *Sandf.* 636. *Goodyear* v. *Betts and Smith*, 7 *How. P. R.* 187.) This being determined, the first objection raised by the demurrer should be considered. It is

insisted that there is a defect of parties plaintiffs, inasmuch as all the creditors of the judgment debtors are not joined as plaintiffs. The question presented by this objection cannot be regarded as open for discussion, unless decisions are to be wholly disregarded. The creditor may commence the action for his own benefit, or in behalf of himself and all others in the same situation with himself who may choose to come in and contribute to the expenses of the suit. (*Edmeston* v. *Lyde*, 1 *Paige*, 637. *Wakeman* v. *Grover*, 4 *id*. 23.) The rule has not been changed by the code. (*Habicht* v. *Pemberton*, 4 *Sandf. S. C. R.* 657. *Brownson* v. *Gifford*, 8 *How. Pr. Rep.* 389, 395.) Under the practice in chancery the creditor whose suit was first commenced, if the suit was brought for his own benefit only, obtained a priority of lien on the judgment debtor's property and effects (except real property) over other creditors whose actions were afterwards commenced, and was entitled to a priority of payment from the avails thereof. (*Corning* v. *White*, 2 *Paige*, 567. *Edmeston* v. *Lyde*, 1 *id*. 637. *Fitch* v. *Smith*, 10 *id*. 9. *Wheeler* v. *Wheedon*, 9 *How. Prac. Rep.* 293.) The creditor thus obtains the reward of diligence. When the action is brought to set aside a general assignment for the benefit of the creditors of the judgment debtor, the assignee is deemed to represent all the creditors, and his defense is their defense. As beneficiaries of the trust, they are to be regarded as represented by their trustee. (*Russell* v. *Lasher*, 4 *Barb*. 232. *Wakeman* v. *Grover*, 4 *Paige*, 23. *Bank of Brit. N. America* v. *Suydam*, 6 *How. Pr. Rep.* 379. *Wheeler* v. *Wheedon, supra.*) Consequently they are not necessary parties to the action.

In the case under consideration the assignment and judgment sought to be set aside, conferred no benefits or advantages upon any persons except the defendants Mears and Beach: hence they do not represent the interests of any one, in the property, except themselves. But they are in no better situation, on that account, to insist on the objection that there is a defect of parties plaintiffs. This action is therefore well brought by the plaintiffs " as well for themselves as in behalf of all others having similar interests with them in the subject matter thereof,

and in the relief sought to be obtained thereby, and who may choose to come in as parties plaintiffs to this suit and contribute their shares of the expenses thereof." How far this clause of the complaint, and how far the fact that the judgment debtor is a corporation, will affect the plaintiffs' right to an application of the funds to be acquired by this action, if any are acquired—supposing that other creditors should come in to claim the advantages to arise from this prosecution—it is unnecessary now to decide. As to the application of the funds, see *Morgan* v. *N. York and Albany Rail Road Co.,* (10 *Paige,* 290.)

The second ground of demurrer is that the defendants Mears and Beach are improperly joined with the company, as defendants.

By the complaint they are charged with being the fraudulent assignees of the company's property, and also beneficiaries of a fraudulent judgment against it. And the complaint prays that the assignment and judgment may be decreed void, and that Mears and Beach may be compelled to account for the property, and the avails thereof claimed and appropriated by them under the same, to the end that such property and avails may be applied in satisfaction of the plaintiff's debt. The object of the action is to reach the property of the company and the avails thereof which have come into the hands of Mears and Beach under the assignment and judgment. This purpose cannot be obtained without giving them an opportunity to litigate their right thereto. Before their claim can be barred they are entitled to a day in court. And to them it can make no difference whether the action to determine their claim is brought by the creditor, or by a receiver for his benefit. It was doubted, at one time, whether a receiver could maintain an action to set aside a fraudulent conveyance made by a judgment debtor; but that doubt has been removed by a late decision in the court of appeals, whereby it is held that he may. But I am not aware of any case deciding that a judgment creditor having exhausted his remedy at law, may not obtain relief against his debtor's property in the hands of a fraudulent assignee, by a direct action against him to reach the property thus held under the void assignment. Nor can I conceive of

Hammond *v.* Hudson River Iron and Machine Co.

any principle on which such a decision could be made or upheld. It has been the practice from a very early day, to institute proceedings in form and theory like this, differing only in some unimportant specific allegations in regard to the alleged fraudulent acts of the parties. *Spader* v. *Davis,* (5 *John. Ch.* 280; *affirmed in court of errors,* 20 *John.* 554,) may be regarded as a leading case in this state, although the doctrine of that case had been recognized in some earlier decisions. Similar actions are to be found in almost every book containing reports of cases in chancery to the present day. (*Leitch* v. *Hollister,* 4 *Comst.* 211. *Barney* v. *Griffin,* 2 *Comst.* 365.) Nor does the code offer any impediment to this action, for if, as has been seen, (1 *Code Rep.* 79; 2 *Sandf.* 637,) the remedy, when a creditor's bill was proper before the code, is still preserved in the form of an action in this court, the additional relief sought against the fraudulent assignees of the judgment debtor may be obtained also. Section 299 of the code applies to those cases only where proceedings supplementary to execution have been instituted under chap. 2, title 9 thereof. (*Goodyear* v. *Betts,* 7 *How. Pr. Rep.* 187.) It will not be claimed, probably, that the judgment debtor, in an action to set aside a fraudulent disposition of his property, is not a necessary party—especially in a case like this, where the debtor still has an interest in the property assigned—the same being transferred as security only. (*Vanderpoel* v. *Van Valkenburgh,* 2 *Seld.* 190. *Story's Eq. Pl.* § 153.) It is equally obvious and well settled that the fraudulent assignee should be made a party. (*Gray* v. *Schenck,* 4 *Comst.* 460. *Fellows* v. *Fellows,* 4 *Cowen,* 682. *Boyd* v. *Hoyt,* 5 *Paige,* 65. *Story's Eq. Pl.* § 155.) The property of the judgment debtor is the subject of the action, and no rule is more apparent or more general in its application to chancery pleading, than that all the parties interested, or claiming an interest therein, should be made parties. This is necessary in order to a full and complete determination of the suit.

In this case the property and money received by the defendants Mears and Beach, under and by virtue of the assignment and judgment, are alleged by the complaint to have been and

to be the property and money of the company. Hence they must be held, in deciding this case on demurrer to the complaint, necessary parties to the action. (*Code*, § 118.)

But independent of any claim they may set up as owners of the property, sought to be reached by this action, the defendants Mears and Beach are charged, by clear, distinct and specific allegations in the complaint, with fraudulent and unlawful acts, and with efforts to hinder and delay the plaintiffs in the collection of their debt. That is enough to hold them, on demurrer, as proper parties to the action. (*Brady* v. *McCosker*, 1 *Comst.* 214. *Huggins* v. *King*, 3 *Barb. S. C. Rep.* 616.)

It was remarked on the argument, that inasmuch as the complaint alleged a sale of the company's property on execution, and that the same was liable to be applied on the plaintiff's judgment, therefore the several purchasers on the execution sale should be made parties. But the statement in the complaint when condensed, is, in substance, that the judgment was fraudulent, and that the defendants were therefore the fraudulent recipients of the avails of the sale; and the plaintiffs seek now to charge the defendants, Mears and Beach, with the value or avails of the property sold.

The third ground of demurrer is, that several causes of action have been improperly united.

The subject of the action is the property of the judgment debtor; the cause or ground of action, is the impediment thrown in the way of collecting the debt; and the object of the action is to remove the impediment. All other results are merely incidental, such as accounting and applying the avails of the property which may be reached. The complaint, therefore, contains but one cause of action. The judgment prayed for, or to which the plaintiffs are entitled under the facts stated in the complaint, taken as admitted, would affect the parties alike. It would declare the assignment and judgment fraudulent and void, and that in law and in fact, the property and its avails received under them were subject to the payment of the company's debts, and should be applied in payment thereof; and the accounting, and the decree to pay over

by them the amount they respectively might have received of the company's property, would be but carrying out the judgment equitably as between the parties. The defendants are charged jointly with the fraudulent acts ; they are alike concerned in the judgment or thing to be recovered, although their interests as to separate parts are distinct. Like *Fellows* v. *Fellows*, (4 *Cowen*, 682,) this case must be considered as falling within the class of cases where there is a common interest centering in the point in issue in the cause.

The allegation in regard to the real estate, and Beach's possession thereof as principal, and Mears' as agent, were proper, in order to authorize a clause in the decree, declaring the plaintiffs' judgment equitably entitled to a priority of lien, over the alleged fraudulent assignment and judgment, set up by the defendants. If these should be set aside the other judgments against the company would become liens on the real estate in the order in which they were docketed.

It may be proper to add a few considerations in regard to the judgment recovered by Beach. It is not sought to set that aside for irregularity, but for fraud. It is alleged that the judgment was obtained for the same indebtedness which formed the consideration of the alleged fraudulent assignment, and that it was obtained fraudulently and collusively, and that the same is fraudulent and void ; and it is also alleged that Mears was interested therein. As the facts are stated in the complaint, the assignment and judgment would probably stand or fall together. There are some shades and points of difference, but there are considerations common in their application to both judgment and assignment, which on this demurrer must be deemed sufficient to authorize the court to set them both aside in one action.

The defendants are charged with setting them on foot and upholding them for the purpose of hindering, delaying and defrauding the creditors of the company in the collecting of their debts. Some of the facts on which the plaintiffs rely to sustain the charge are stated, from which it appears, that in one view to be taken of the case, they stand alike and on the same facts.

It is probable there are some unnecessary allegations in the complaint. Perhaps it would have been enough to have alleged the judgment and execution, with a return thereof unsatisfied, the assignment and judgment and the defendants' claims thereunder, and that the same were made and procured to hinder, delay and defraud the creditors of the company. But the question, on demurrer, is not whether the pleadings contain redundant or irrelevant matter, but whether a cause of action is stated in the complaint.

It is not deemed necessary to decide whether the complaint would be considered good for the purpose of winding up the affairs of the company. If the views above suggested are correct, it is good for the purpose of reaching the property of the company in the hands of Mears and Beach, who, it is alleged, unlawfully claim it, and placing it in the hands of a receiver, to be applied according to law in satisfaction of its debts.

The complaint contains no allegation that the action is not preferred and prosecuted by collusion or for the purpose of protecting the property and effects of the debtor against the claims of other creditors. This allegation was rendered necessary in the late court of chancery by a rule of the court, and an omission of this averment was held to be good ground of demurrer. (*McElwain* v. *Willis*, 3 *Paige*, 505.) The present rules of the supreme court have not adopted the chancery rule referred to, unless it must be regarded as adopted by rule 90. In *Quick* v. *Keeler*, (2 *Sandf.* 231,) it was decided that the rules of the court requiring certain allegations to be inserted in a creditor's bill were superseded by the code, and that it was enough if the plaintiff complied with the requirements of the code, and the provisions of the statute, in setting forth the cause of action.

But in this case, this objection is not specially pointed out by the demurrer, nor was it mentioned by the defendant's counsel, on the argument or in his brief. If indeed a valid objection, it should be considered as waived, under the circumstances of this case.

The plaintiff is entitled to judgment on the demurrer, with

costs.   But the defendants are at liberty to withdraw the demurrer and to put in an answer to the complaint within twenty days, on payment of the costs of the demurrer, which, in cases like the present, are fixed at $23.

[SARATOGA SPECIAL TERM, January 22, 1855. *Bockes*, Justice.   Affirmed at the ST. LAWRENCE GENERAL TERM, September 3, 1855.   *Bockes*, *C. L. Allen* and *James*, Justices, and above opinion adopted, as the opinion of the court.]