## REED *a.* STRYKER.

*Supreme Court, Sixth District; General Term, October,* 1857.

CREDITOR'S ACTION.—JOINDER OF PARTIES, AND OF CAUSES OF ACTION.

The complaint in a creditor's action alleged that the judgment-debtor had made a fraudulent general assignment, with intent to hinder and delay his creditors, and that the assignee was guilty of a breach of faith in the management of the assets; and sought to set aside the assignment, and to render the assignee personally liable. It also alleged that the debtor had, at various other times, made several other conveyances, in fraud of creditors, to various persons made defendants in the action, which it also sought to have set aside; but it did not show any connection between the various conveyances, or any privity or concert of action among the various transferees.

*Held,* upon the demurrer of the assignee, that the various transferees could not be joined in one action, and that several causes of action had been improperly united.[*]

Appeal from order overruling demurrer to the complaint.

This was a *creditor's action,* brought by the plaintiffs against the defendant Stryker, their judgment debtor, and others, his assignees and grantees.

The complaint sought to set aside a general assignment which had been made by Stryker to the defendant Manning, in trust for the benefit of the creditors of Stryker, bearing date December 26, 1854, on the ground that the same was made with the

---

[*] See, to similar effect, The Lexington & Big Sandy Railroad Company *v.* Goodman, 5 *Ante,* 493.

intent to hinder, delay, and defraud the creditors of Stryker. The complaint also charged a fraudulent transfer of property by Stryker to his wife, Catherine Stryker, and sought a judgment against her, declaring such transfer fraudulent and void. The complaint also charged a fraudulent conveyance of real estate, to have been made by Stryker to his mother, Sabina Stryker, in 1843; and a further fraudulent conveyance of real estate to her, by him, in 1853; and sought to set aside both those conveyances as fraudulent. It also charged a fraudulent transfer of personal property to have been made by him to her in 1854. The complaint also charged against the defendant Manning a breach of his trust, in executing the assignment mentioned, and sought to render him liable to the plaintiffs upon that ground.

The defendant Manning demurred to the complaint, assigning as grounds thereof:

"1. That several causes of action have been improperly united therein.

"2. That the matters stated in the complaint in relation to the assignment to Manning are separate and distinct from the other matters set forth in the complaint.

"3. That the defendant Manning has no connection whatever with the matters and causes of action set forth in the complaint, other than such as relate to or grow out of the said assignment, and the proceedings under it."

Judgment at special term was given for the plaintiffs on the demurrer, and the defendant appealed.

*S. L. Manning*, for the defendant Manning, appellant.

*J. E. Dewey*, for the plaintiffs, respondents.

By the Court.*—Mason, J.—The rule was well settled in equity, prior to our new Code of Procedure, that where a bill was filed concerning things of a distinct nature, against several persons, it was demurrable. The uniting in one bill of several matters, perfectly distinct and unconnected, against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill, was not admissible, and furnished good cause of demurrer. (*Story's*

---

* Present, Gray, Mason, and Balcom, JJ.

*Eq. Pl.*, §§ 271, 530, 540, 541, 545, 610 ; *Cooper's Eq. Pl.*, 182 ; *Mitford's Eq. Pl.*, 181, *by Jeremy, and n. ;* Hester *v.* Weston, 1 *Vern.*, 463 ; Dillery *v.* Doig, 2 *Ves. Jr.*, 486 ; Whaling *v.* Dawson, 2 *Schoales & L.*, 367 ; Saxton *v.* Davis, 18 *Ves.* 72.)

The plaintiffs' counsel relies upon Brinkerhoof *v.* Brown (6 *John. Ch. R.*, 139), and Fellows *v.* Fellows (4 *Cow.*, 682), and Hammond *v.* Hudson River Iron & Machine Company (20 *Barb.*, 378). The case at bar seems to me to be distinguishable from those cases. In the case of Brinkerhoof *v.* Brown there was a continued act of fraud affecting seven of the defendants ; there was a series of acts on the part of the persons concerned in that Genesee Company, all produced by the fraudulent intent, and terminating in the deception and injury of the plaintiffs. There was a connected series of acts, all intended to defraud and injure the plaintiffs, and in which all of the defendants were more or less concerned, although not jointly in each act, and the chancellor held the bill properly filed against them all jointly, for the reason that they performed different parts in but one and the same drama. He held it to be one entire performance, in which they all helped to carry out a part only marked by different scenes in which they appeared in the drama. He held it to be one entire thing ; and this was so, for the only object of the bill was the due application of the capital of the Genesee Company to the payment of the plaintiffs' judgments. The subject of the bill, and the only matter in litigation, was the fraud charged in the creation, management, and disposition of that capital, and in which charge all the defendants were implicated in a greater or less degree.

In the case of Fellows *v.* Fellows (4 *Cow.*, 682), the facts stated in the bill warranted the court in holding that the defendants were all jointly liable—that they were all parties and confederates in the frauds (see p. 707); and Senator Colden places his opinion upon the ground that the answer did not deny that they were confederates and acted in concert (see p. 709); and he holds, if this had been denied, he would have no hesitation in deciding that the suit against the defendants jointly could not be maintained (see p. 709). And, besides, there was another ground on which the case was placed. It is alleged in the bill that the notes were transferred, and the conveyances made, to secure them as the effects of John Fellows, and it is averred that

they held the lands for his use and benefit: and these charges were not denied, and therefore, stood admitted by the demurrer; and the court held that the defendants, therefore, held the property as trustees for him (pp. 709, 710). It was also averred in the bill that the defendants all aided and advised the father, and took from him voluntary conveyances of different portions of all his property without paying any consideration, and each of them knowing that such transfers were made with a view to defraud; and the court were right, therefore, in holding that the defendants were jointly concerned in practising the fraud. The case of Hammond v. The Hudson River Iron & Machine Company, and Mears v. Beach (20 *Barb.*, 378), is nowise analogous, and the case decides nothing which can control the present case. In the case at bar there is no combination or confederacy, between the defendants, alleged. There is no allegation in the complaint that any one of the three defendants, to whom conveyances and transfers of property were made, was, in the least, cognizant of the transfers to the others, or that the defendants acted at all in concert. On the contrary, one of the fraudulent conveyances to Sabina Stryker is alleged to have been made in 1843, while the assignment to Manning is alleged to have been made in 1854; and the fraudulent transfers and conveyances to his wife, Catherine Stryker, is alleged to have been made in 1853, and the complaint leaves each of the parties in ignorance of the doings of the others, and no connection or confederacy is pretended between them. There is no joint liability of the defendants, and the demurrer is well taken, on the ground that several causes of action have been improperly united (*Code*, § 144). But the 167th section of the Code is decisive upon this subject; there is a limit placed upon the plaintiff's right to unite different causes of action. That section declares that the causes of action, so united, must all belong to one of the classes specified in the section, and must affect all the parties to the action, &c. Now, I would ask how the cause of action against Sabina Stryker for receiving a fraudulent conveyance of real estate in 1843, and the subsequent fraudulent conveyances in 1853, can, in the least, affect the assignment which was made to Manning in 1854, or how it can affect the cause of action founded upon Manning's breach of his trust duties as assignee; or how can the fraudulent conveyances and tranfers of property, made by

Stryker to his wife in 1853, affect Manning, as trustee under the assignment, or the assignment itself? Manning, upon the complaint as framed, cannot be affected by the transfers of property to Sabina or Catherine Stryker. The order appealed from should be reversed.