## SUPREME COURT.

### JESSE N. BOLLES, receiver, &c., agt. JOHN A. DUFF, and others.

This court is not authorized to hear a motion for a new trial at general term, on a case or exceptions, where the decision of the court filed under § 267 of the Code, does not authorize final judgment but directs proceedings before a referee or otherwise, under the amendment of § 268 in 1867, where the interlocutory decision or judgment *was made before the amendment.*

*General term, April,* 1869.

*Present.*—CLERKE, *P. J.,* INGRAHAM, *and* SUTHERLAND, *J. J.*

SUTHERLAND, J.—When this case was called at the last April general term, upon the plaintiff's appearing and answering, by his attorney and counsel, Mr. Thayer, and upon no one appearing or answering for the defendant Duff, and upon Mr. Thayer's expression of a disinclination to take the defendant Duff's default, and asking the court to permit him to submit his printed points, with copies of the case and other papers, with permission for the attorneys or counsel of the defendant Duff also to submit printed points, with such other papers as they might wish to submit, the court permitted Mr. Thayer to do so, and directed him to give notice to the attorneys or counsel of the defendant Duff of such submission and permission. Soon after we were furnished with proof that written notice of such submission and permission had been given a day or two after such submission, to the defendant Duff, to his attorneys, and to Mr. Graham, as his counsel.

So far as I am informed, no points or other papers in this case were submitted or handed up for or on behalf of the

defendant Duff before the adjournment of the general term, nor so far as I am informed, has or have the defendant Duff, his attorneys, or counsel, ever in any way availed himself or themselves of the permission or privilege thus given by the court, of which it seems they had notice.

If the views presently to be expressed, as to our proper disposition of this case, are correct and should be concurred in by my associates, as it is to be presumed, if any points had been submitted for the defendant Duff, that like those of the plaintiff's counsel, they would have been on the merits, and confined to the merits, it is gratifying to see that the defendant Duff cannot possibly suffer from this seeming disregard of the courtesy of the court.

Upon looking into the papers submitted, it appears that this is a motion for a new trial by the defendant Duff, under § 268 of the Code, as amended by the act of April 25, 1867.

By this act, the first paragraph of § 268 was amended so as to allow and provide, for a motion for a new trial at general term, on a case or exceptions, where the decision of the court filed under § 267 does not authorize final judgment, but directs further proceedings before a referee or otherwise—that is, by the act of 1867, section 268 was so amended as substantialy and in effect to allow an appeal before final judgment directly to the general term from an interlocutory decision or judgment directing an accounting or further proceedings before final judgment.

It further appears from the papers submitted, that this action was tried before Judge POTTER at special term, and that an interlocutory decision or decree was made by him in it, on the 29th day of June, 1866, by which the defendant, Duff, was decided and declared to be a mortgagee and trustee in possession of certain property and liable to account, &c., and by which a reference was made to a referee named, to take and state the account, upon certain principles stated, and by which the question of costs, and

. Bolles agt. Duff.

all questions, except those settled by the interlocutory decision, were reserved, until the coming in of the referee's report.

It does not appear that the referee has ever reported, or that there has yet been any final judgment in the action, and the presumption is that the accounting is now going on before the referee named, or some other referee.

Now, it is not necessary to cite cases to show, that before this amendment of section 268, in April, 1867, that no such motion as this was provided by law, or could be made; that there was no practice, provision of the Code, or principle of law, allowing it.

I think it may be said that our authority to decide the motion on the merits must rest soley on this amendment.

The question is then, whether this amendment in April, 1867, can have or should be regarded as having a *quasi ex post facto* operation, and give the right to make the motion for a new trial allowed by the amendment, when, as in this case, the interlocutory decision or judgment was made nearly a year before the amendment.

Upon general principles, it would seem, that the amendment ought not to be regarded as affecting the rights of parties attached, and as they had attached, or were fixed, prior to the amendment.

It would seem to be clear from the *People* agt. *Carnal*, (6 *N. Y.*, 463,) *Ely* agt. *Holton, and Humphrey* agt. *Parson*, considered and decided together (15 *N. Y.*, 595;) that the interlocutory decision or judgment in this case can be reviewed only in the manner prescribed and allowed by the law as it was when the interlocutory decision or judgment was made.

It is no answer to say that the attorney for the plaintiff submitted the papers without taking the objection. His consent cannot give the general term the power or right to review the interlocutory decision in a way not allowed by law when the decision was made. I think it is a question

of power, of jurisdiction, to review the interlocutory decision in the way it is sought to be reviewed by this motion.

*Beebe* agt. *Griffing*, (6 *N. Y.*, 465) was submitted on printed arguments, and no objection was taken to the appeal by the respondents; but the court dismissed the appeal, holding that they had no authority to review the intermediate order in that stage of the case.

But, in my opinion, it is not necessary to say in this case that we have not power or jurisdiction to examine and decide this motion on the merits.

The practice was perfectly settled by repeated decisions before the amendment referred to, that the general term would not, irrespective of the consent or wishes of counsel, hear an appeal from an interlocutory decision or judgment, providing for an accounting, or other further proceedings, before final judgment. That the court would protect itself from being placed in a position of liability of being compelled to hear an appeal from an interlocutory judgment and a final judgment, both in the same action.

I have omitted to state that it appears from the papers submitted, that the plaintiff and the defendant Duff, both noticed the motion for argument on the case and exceptions at the April general term.

The motion should be denied, and the case and exceptions be dismissed without costs to either party, on the ground that the amendment which has been referred to does not apply to the case, nor authorize this motion, without considering whether the interlocutory decision or decree in the case was or was not erroneous, a question which I have not at all looked into.