By the Court.—Curtis, J.
The relief sought in this action is the same that was prayed for in the case of Haddon v. Spader (20 Johns. 554). It was to establish and declare the great principle decided in that case by the court for the correction of errors, the chancellor says, in Gleason v. Gage (7 Paige, 123), that led the revisers and the legislature to establish the statutory provisions upon the subject of creditor’s bills. The statute thus enacted (2 R. S. 174, secs. 38 and 39), is unrepealed, except that portion that authorizes a discovery, and the remedy remains as before (Dunham v. Nicholson, 2 Sandf. 636).
The plaintiff, to sustain the present action, must show that previous to its commencement, he had complied with the requirements of the statute, both by a recovery of a judgment against the debtors, and by the exhaustion of the remedy against their tangible property through the return of an execution against them unsatisfied. The courts have unswervingly held the creditor, who sues for relief as a judgment creditor, to a strict observance of each of these pre-requisites. It has been the wise policy of the administration of justice, that the remedy at law should be exhausted before equity could be resorted to-.
*335 Have these statutory requisites been complied with by the plaintiff? It appeared during the trial of this action, that Leon Weil, one of the three defendants sued as judgment debtors, and composing the firm of Weil Brothers & Company, and whose assets the plaintiff seeks to reach, had not been served with process in the original suit, nor had the judgment been entered against him, as alleged in the complaint, and put in issue by the answer. The statute was apparently complied with by the issue and return unsatisfied of an execution not specially endorsed, and in which his name is mentioned as one of the three judgment debtors. It was obvious that the requirements of the statute to sustain the suit had not been complied with, and after the plaintiff rested, the case was re-opened, on the application of the plaintiff, and an order was made directing the amendment mine pro tuno of the judgment and docket in the original action, by adding the name of the defendant Leon Weil as one of the parties against whom judgment was rendered.
This amendment, even if within the power of the court, which need not now be decided, fails to give that force and vitality to the judgment and execution which the framers of the statute must have contemplated as a preliminary to the creditor’s suit. The amendment did not validate the issuing and return of an execution against the defendant Leon Weil, who had not been served with process, and against whom no judgment existed to sustain the execution. Neither could the amendment make this execution enforcible or valid against the joint property of the three debtors, after it had been issued and returned unsatisfied, upon a judgment that did not authorize it.
If a creditor’s suit can be, by amendment, made effectual against a defendant who was not a judgment debtor at its commencement, and against co-defendants who are judgment debtors, without having had the full *336 remedy at law exhausted against them, then this form of action must be sustained on some other basis than that upon which the courts have heretofore administered it (Child v. Brace, 4 Paige, 309).
The amendment can not make that a full execution of the judgment which was not so before, and the most that it can do is to place the plaintiff in a position where he may be enabled at law to duly execute it (Farnham v. Hildreth, 32 Barb. 277).
The plaintiff objects that this is not a case within the provisions of section 268 of the Code, and that the defendant is not entitled, at the present stage of the action, to obtain a review, at the general term, of the findings and rulings on the trial by a motion for a new trial. Section 268 provides that when the decision filed under section 267 does not authorize a final judgment, but directs further proceedings before a referee or otherwise, either party may move for a new trial at general term upon a case or exceptions. The decision filed under section 267, in the present case, specifically directs further proceedings before a referee, among other things an accounting before him, and then provides how either party may review his report preliminarily to confirmation, and, after directing the residue of the fund, if any, to abide the further order of the court thereupon, expressly authorizes any of the parties to “ apply to the court for such other or further judgment or decree as may be just.” This seems to bring the case precisely under the salutary provision of the Code which was intended to relieve litigants from the labor, delay, and expense of this class of proceedings before a referee, which previously had to be incurred, and the judgment made complete and final, before a review could be obtained at general term upon some question, which, if it could have been presented after the filing of the decision, under section 267, would have saved the parties from this useless *337 burden. Where the rights of the parties to suits in equity are determined upon the hearing, but a complete disposition of the case requires accounts to be settled, this has always been done, both under the former practice and under the Code, by an interlocutory decree or judgment, as in the present case, declaring such rights and the manner of the accounting, and directing a reference to a master or- referee. The proceedings before the latter, -and the confirmation of the report, have always been considered as steps necessary and preliminary to authorizing a final judgment, unless the court saw fit to go on and take the accounting necessary to a final judgment after passing upon the rights of the parties (Mundorff v. Mundorff, 1 Hun, 42 ; Kane v. Whittick, 8 Wend. 242; Bolles v. Duff, 38 How. Pr. 505 ; Stanton v. Miller, 65 Barb. 58 ; Church v. Kidd, 3 Hun, 254).
The plaintiff also objects, that even if the defendants have the right to make this motion, they are too late, and that they should have procured a stay, and made the motion before the entry of judgment, if they desired to preserve their rights under the practice. Whatever views may have been held in regard to entertaining motions for a new trial after judgment, it is now settled that the court has power under the act of 1832 (Laws of 1832, p. 188, chap. 128) to grant a new trial on motion even after judgment (Raphaelsky v. Lynch, 12 Abb. N. S. 224; Folger v. Fitzhugh, 41 N. Y. 228 ; Tracy v. Altmyer, 46 Id. 598).
If the conclusions arrived at that the plaintiff failed to present a case entitling him to relief, and that the defendants are right in their mode of moving for a new trial, then no occasion arises for considering the other questions presented on the argument, and the defendant’s motion for a new trial should be granted with costs to the defendant to abide the event.
Monell, Ch. J., concurred.