THE BOZEMAN NATIONAL BANK, APPELLANT, *v.* JACOB F. SPEITH, SURVIVING PARTNER OF THE LATE FIRM OF SPEITH AND KRUG.

The facts of this case involved the same principles of law decided in the case of *Krueger* v. *Speith, ante,* page 482.

*Appeal from the Third Judicial District, Gallatin County.*

*Luce & Luce,* for Appellant.

The following authorities conclusively show that a surviving partner is liable at law for all firm debts, and that the firm assets are subject to levy in his possession for partnership debts: Story on Partnership, §§ 361, 362, and cases there cited; *First Nat. Bank* v. *Morgan,* 73 N. Y. 593; *Pope* v. *Cole,* 55 N. Y. 124; 14 Am. Rep. 198; *Riper* v. *Poppenhausen,* 43 N. Y. 68, 74; *Lawrence* v. *Trustees,* 2 Denio, 577; *Richter* v. *Poppenhausen,* 42 N. Y. 373; *Murray* v. *Mumford,* 6 Cowen, 441; *Hosack's Exrs.* v. *Rogers,* 25 Wend. 357; *Horsey* v. *Littler's Adm'r,* 5 Ohio, 353; *Voorhis* v. *Child's Exrs.* 17 N. Y. 354; Hawes on Parties, § 89, n. 21; 2 Bates on Partnership, §§ 749, n. 2, 750, n. 3, and the many cases there cited; *Andrews* v. *Sullivan,* 2 Gilm. 327; 43 Am. Dec. 53; *Pearson* v. *Keedy,* 6 Mon. B. 128; 43 Am. Dec. 160; *Troy Iron Factory* v. *Winslow,* 11 Blatchf. 513; Parsons on Contracts, 5th ed. 202; *Grant* v. *Shurter,* 1 Wend. 151, 152; *Offutt* v. *Scott,* 47 Ala. 129; *Trundle* v. *Edwards,* 4 Sneed, 574; *Berkey* v. *Judd,* 22 Minn. 300. Further upon this point and that a surviving partner may sue for firm property and upon partnership claims, or be sued at law upon all partnership liabilities, see the following authorities: *Holmes* v. *Decamp,* 1 Johns. 34; 3 Am. Dec. 293 (statement and opinion); *Green* v. *Edick,* 56 N. Y. 613; *Freirmuth* v. *Freirmuth,* 46 Cal. 42; *Tremper* v. *Conklin,* 44 N. Y. 58; *Daby* v. *Ericsson,* 45 N. Y. 786; *Meech* v. *Allen,* 17 N. Y. 302; 72 Am. Dec. 405; *Calder* v. *Rutherford,* 3 Brod. & B. 302; Jacob's Fisher's Digest, 1703; *Inbusch* v. *Farwell,* 1 Black, 573; *Goleling* v. *Vaughn,* 2 Chit. 426; Story on Partnership, 7th ed. §§ 561, n. 2, 562; *Wilder* v. *Keeler,* 3 Paige, 167; 23

Am. Dec. 781; *Fitzpatrick* v. *Flannagan,* 106 U. S. 648; *Emerson* v. *Senter,* 118 U. S. 3. Creditors of a partnership have no liens, except such as are required by proceedings at law, so long as the partnership is solvent and property is not disposed of in fraud of creditors. (*Fitzpatrick* v. *Flannagan,* 106 U. S. 654, 655, 656; 1 Bates on Partnership, §§ 559, 560, 563, 564, 566; and vol. 2, §§ 820, 821, 822, and particularly 824, and the many cases there cited; *Menagh* v. *Whitwell,* 52 N. Y. 146; 11 Am. Rep. 683 (important); *Wilson* v. *Davis,* 1 Mont. 183–191; *Tappan* v. *Blaisdell,* 5 N. H. 190; *In the Matter of Smith,* 16 Johns. 192; Story on Partnership (Bennett's ed.), §§ 261, n. 2, 326, n. 1, 358; *Case* v. *Beauregard,* 99 U. S. 124, 125 (important). Again, so long as the partnership is solvent, the partners or a surviving partner may dispose of partnership effects, and the creditors cannot reach them, and a surviving partner may assign partnership effects to pay firm debts, and in so doing prefer creditors. (*Menagh* v. *Whitwell,* 52 N. Y. 146; 11 Am. Rep. 683; *Emerson* v. *Senter,* 118 U. S. 3 [important]; *Thursby* v. *Lidgerwood,* 69 N. Y. 198; *Daby* v. *Ericsson,* 45 N. Y. 789; *Loeschigk* v. *Hatfield,* 51 N. Y. 660; *Cushman* v. *Addison,* 52 N. Y. 628; *Williams* v. *Whedon,* 109 N. Y. 333; *Roys* v. *Vilas,* 18 Wis. 175.) The true principle undoubtedly is, that the estate of a deceased partner is only liable for any deficiency of firm demands, remaining after the firm assets have been applied to their extinguishment. (*Riper* v. *Poppenhausen,* 43 N. Y. 74. See, also, *U. S.* v. *Hack,* 8 Peters, 276; Story on Partnership [Bennett's ed.], § 97; *Murrill* v. *Niell,* 8 How. 428.) Partnership property, real or personal, is a fund or estate held for further purposes of the partnership as a separate and distinct entity. The interest of a partner therein is only a claim against the floating balance, or surplus, remaining after the payment of the firm debts. (*Trowbridge* v. *Cross,* 117 Ill. 109. See, also, *Taylor* v. *Farmer,* Ill. Jan. 5, 1886.) A partnership has an existence separate and distinct from that of the several partners, or their estates; and when the partnership is dissolved by death of one of the partners, its assets, debts, and credits remain as distinct from those of the late individual members, until its affairs are wound up, as before the dissolution. (*Gleason* v. *White,* 34 Cal. 263; *Theller* v. *Such,* 57 Cal. 447.) The assets of a deceased

partner that pass to his personal representatives consist of the individual estate of the decedent. Partnership assets form no part of such individual estate; the residuum only, after settlement of partnership affairs, becomes the property of the estate. (*Andrade* v. *Superior Court*, 75 Cal. 459, a California case, construing a law like our own.) In the first place the common law of England, so far as the same is applicable and of a general nature, and not in conflict with special enactments of this Territory, shall be the law and the rule of decision, and shall be considered as of full force in this Territory until repealed by legislative authority. (Comp. Stats. Mont. § 201, p. 647.) Wherein has the common law been repealed in respect to surviving partners, or the title of a surviving partner to partnership property, or wherein does it conflict with special enactments of this Territory so far as the law of this case is concerned? One of the suggestions of such conflict or repeal that have been brought to our attention is in the opinion of the District Court in the Krueger case, wherein it is said that the doctrine of survivorship is abolished by section 1294, page 1006, Compiled Statutes. But copartners were never joint tenants or tenants in common at common law. Copartners while living are neither joint tenants nor tenants in common of the partnership effects; but their relation more nearly resembles that of joint tenants. (*Tremper* v. *Conklin*, 44 N. Y. 61.) Sections 89, 90, and 91 of Story on Partnership (Bennett's ed.), most effectually explode the idea that partners can be in any respect joint tenants or tenants in common. In the aforesaid Krueger opinion, the judge takes the ground that section 229, page 332, Compiled Statutes, grants privileges and imposes duties not known to and different from those under the common law and the old rules of equity. This view is certainly erroneous. That section differs in no respect from the rules of the common law, and in one immaterial respect only from the remedies afforded always in equity. It has always been the law that the surviving partner has the right to continue in possession of the partnership and settle its business. The representative of a deceased partner must still invoke the aid of the equity jurisdiction of a District Court in this Territory to compel a settlement of partnership affairs, where the surviving partner is delinquent, which is something a pro-

bate judge cannot do, as is clearly shown in *Theller* v. *Such*, 57 Cal. 459, 460. It has been expressly held that a surviving partner is in no sense a personal representative. (*Tremper* v. *Conklin*, 44 N. Y. 61, 63.) It is also expressly held that a surviving partner does not hold the partnership property as a trustee in any sense. (*Williams* v. *Whedon*, 109 N. Y. 333.) There is no force in the argument that because in said section 229 it is provided that "the interest of the decedent in the partnership must be included in the inventory and be appraised," therefore the surviving partner is in some way under the control of the Probate Court; for, as has clearly been shown, that "interest" is simply and only the surplus or residuum after all partnership debts and obligations have been paid. It neither means nor includes partnership property.

*E. W. Toole,* for respondent, added to his brief in the case of *Krueger* v. *Speith, ante,* page 482, the following :—

Section 510, division 5, Compiled Statutes, creates a statutory *lien* or charge upon the property of the deceased. Section 511, subdivision 5, requires the property disposed of to be appropriated ratably. Section 229 requires partnership property to be appropriated as other property. (See, also, title of the chapter.) Section 178 provides how a surviving partner may acquire the legal title of the decedent. Section 532 shows that all property of the decedent vests upon his death in his heirs, who thereupon become the legal owners. (See *Gillett* v. *Gaffney*, 3 Colo. 361; *Barcroft* v. *Snodgrass*, 1 Cold. 430, 444; *McAlister* v. *Montgomery*, 3 Hayw. [Tenn.] 94.)

DE WOLFE, J.—The facts and questions of law involved in this case, being the same as those decided at the present term in the case of *Louis Krueger* against *Jacob F. Speith, as surviving partner of the firm of Speith and Krug, ante,* page 482, the same judgment and order will be entered in this cause as was made in that case. Order reversed and cause remanded.

*Judgment reversed.*

MCCONNELL, C. J., and BACH, J., concur.