Hinn, Respondent, vs. Gersten and another, Appellants.

*March 25—June 10, 1904.*

*Appeal: By whom may be taken: Wills: Modification by persons
interested: Estates: Distribution: Administrators and executors.*

1. The supreme test of whether a person has a right to appeal
   to the supreme court is whether he has a substantial interest
   adverse to the adjudication he seeks to have reviewed, not
   whether he was a party to the record in the court below.
   Thus, persons interested as distributees under a will are *held*
   entitled to appeal from a judgment adverse to their interest,
   rendered in an action of replevin by the administrator of the
   testator's widow against the personal representative of the
   testator, though such appellants were not parties to the record.
2. The widow and children of a testator, to whom he gave his
   property, agreed upon a modification of the scheme of the
   will, and in accordance therewith the county court assigned
   a certain sum to the widow, "to be used by her during her
   natural life, interest and principal if need be, so far as it
   shall be necessary for her comfortable support and main-
   tenance," with power to sell and convey, "but without power
   to dispose of the same by will;" and all that should remain
   undisposed of at the death of the widow, as well as the other
   property of the testator, was assigned to the children. *Held:*
   (1) On the death of the widow, debts contracted by her for
   her "comfortable support and maintenance" were payable out
   of the property assigned to her, and the administrator of her
   estate was entitled to possession of said property until it

should be assigned in the course of an administration of her estate.

(2) The widow did not, however, become the absolute owner of the property assigned to her. She had merely a life interest, with power to use or to sell for her support, and the children took the estate in remainder in accordance with the husband's will as modified.

(3) Further administration of the husband's estate was not necessary, but upon payment of the debts of the widow and expenses of administration of her estate, the remainder should be distributed to the remaindermen under the assignment already made of the husband's estate.

APPEAL from a judgment of the circuit court for Grant county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

Action of replevin. The cause was tried without a jury. These are the undisputed facts found by the court:

William Gilman died testate, July 31, 1882. He willed to his wife, Julia, the home place upon which they resided, for her natural life, with power to sell the same; that his other real estate should be converted into money, and, with his personalty, be divided equally among his six children, the child or children of any deceased child taking the share of the parent, and his wife to control the whole during her lifetime. The will was duly probated, letters testamentary being issued to those named therein as executors. Thereafter those interested, being the widow and her six children, made an instrument, filing the same with the probate court, whereby she waived her right to control the estate, except $12,000 thereof, described in a schedule attached to the paper, she to have the privilege to use the income therefrom and if necessary the principal, at her own pleasure and comfort, but "not to dispose of the same by will." The county court was in effect requested to distribute the estate according to Mr. Gilman's will as modified by such agreement. It contained these words:

"We each and every one request that the property enumerated in the foregoing stipulation be delivered over to her [Mrs. Gilman] upon her simple receipt and agreement not

to dispose of the same by will—that she may use the income and if need be the principal sum of money placed in her hands at her own pleasure and comfort."

The agreement was approved by the county court. The agreed property set aside for Mrs. Gilman was delivered to her, and she receipted therefor thus:

"Received," etc., "in full settlement of the amount due me as per stipulation of December 21st, 1887, from the said estate; hereby agreeing that I will not dispose of the said property by will."

Thereafter such proceedings were duly had that the residue of Mr. Gilman's estate was divided between his children under the will, free, however, from the control of Mrs. Gilman. The final order so assigned such residue, and also assigned that which had been conditionally given to Mrs. Gilman, thus:

"To be used by her during her natural life, interest and principal if need be, so far as it shall be necessary for her comfortable support and maintenance, with the power and privilege of selling and deeding the same, but without power to dispose of the same by will or testamentary gift; and all of the property which shall remain undisposed of at the death of the said widow, Julia Gilman, is hereby assigned to the heirs at law of the said deceased who are parties to the said stipulation in the same proportion as the property assigned in this order has been apportioned to them."

The order further provided for the final closing up of Mr. Gilman's estate, and discharge of the executors. Mrs. Gilman enjoyed the property assigned to her till 1902, when she died, letters of administration upon her estate being thereafter issued to *Charles P. Hinn,* the plaintiff.

It was claimed by Mr. Dwight T. Parker, who was the custodian of such property, upon the death of Mrs. Gilman, that it should be administered and distributed as part of Mr. Gilman's estate. Some or all of Mr. Gilman's children agreed with that, and such proceedings were taken that Mr. Parker

was appointed administrator *de bonis non* of said estate. When this action was commenced claims were filed in the proceedings to settle the estate of Mrs. Gilman, for indebtedness contracted by Mrs. Gilman during her lifetime, which might properly have been paid by her out of the property in dispute. Plaintiff, as administrator of the estate of Mrs. Gilman, commenced this action to recover such property of Mr. Parker, and judgment was rendered in the former's favor. *Soren C. Gersten,* who was interested through his deceased wife, who was one of the six distributees under the will of Mr. Gilman, and *Herman Buchner* as special administrator of the estate of such deceased daughter, appealed.

For the appellants there was a brief by *Bushnell & Moses,* and oral argument by *A. R. Bushnell.*

For the respondent the cause was submitted on the brief of *Geo. B. Clementson.*

The following opinion was filed April 19, 1904:

MARSHALL, J. The point is made that *Gersten* and *Buchner* had no right to appeal because they were not parties to the record in the court below. That they represent one sixth of the property in dispute, subject to the rights of Mrs. Gilman's creditors, sufficiently appears from the findings of the trial court. The theory of appellants is that such creditors have no rights in the property, hence that Parker is the proper person representing the estate of Mr. Gilman to administer the same. Upon one aspect of the case the right of respondent depends upon whether the property must be considered estate of Mrs. Gilman as regards her creditors. The judgment is adverse to all persons represented by Mr. Parker, among them *Gersten* and *Buchner,* therefore they are parties aggrieved by the decision though they are not parties to the record, and as such are entitled to appeal. The supreme test of whether a person has a right to appeal to this court is whether he has a substantial adverse interest to the adjudica-

tion sought to have reviewed, not whether he was a party as appears by the record of the trial. *Rogers v. Shove*, 98 Wis. 271, 73 N. W. 989; *Harrigan v. Gilchrist*, 121 Wis. 127, 99 N. W. 909.

It must be conceded that, so far as Mrs. Gilman left debts contracted for her "comfortable support and maintenance," they are payable out of the property in question. It was incumbered to that extent by the terms of the agreement forming, with Mr. Gilman's will, the basis of the assignment thereof to her. Since such debts were left by her, the administrator of her estate will be entitled to the possession of such property till it shall have been regularly assigned in the course of an orderly administration thereof. That will not admit of a reasonable controversy. Mrs. Gilman possessed the undoubted right to incur indebtedness for her living expenses to any amount she thought reasonably necessary, payable out of the property in question. It must be presumed that those who extended credit to her did so on the faith of such right. Unquestionably they were entitled to payment out of such property during her lifetime. They must be held not to have lost that right by reason of her death.

We cannot agree with the learned circuit judge's conclusion that under the stipulation between Mrs. Gilman and her children she became the absolute owner of the property delivered to her. The terms thereof seem so plainly the other way as to leave no room for legitimate efforts to discover what was intended by applying to the language used rules for judicial construction. The agreement expressly provided that Mrs. Gilman should have the right to use all of the income of the property and so much of the principal thereof as may be necessary, "at her own pleasure and comfort," but that otherwise the property should go as designed by the will of Mr. Gilman. It was assigned strictly in accordance therewith: a life interest to Mrs. Gilman with the privilege men-

tioned, and the remainder to the heirs of Mr. Gilman as provided by his will. Such heirs, under the will and the agreement, possessed an estate in remainder just as effectually as she did a life estate. True, the agreement uses the words, "not to dispose of the same by will." That language, however, rather confirms than weakens the idea that the parties contemplated at the end the property would ·go to the remaindermen through .a distribution in the settlement of Mrs. Gilman's estate, such distribution to be according to the titles created by Mr. Gilman's will, as modified by the parties interested. The term "not to dispose of the same by will" in any event cannot control the unmistakable meaning of the agreement that Mrs. Gilman should take a life estate only in the property, and that otherwise it was to go to her children in remainder under her husband's will.

It follows that, in any view that can be taken of this case, the judgment must be affirmed. No further administration of the estate of Mr. Gilman· is necessary or proper to enable his heirs to obtain whatever rights they possess in the property in question. They already have the title thereto and a right to the possession thereof subject to the rights of Mrs. Gilman's creditors, and subject to the expenses of administering her estate. The administrator of her estate is entitled to such possession till all claims legitimately allowable therein and the expenses of the administration shall have been paid. The remainder will then be distributable to the persons whom Mr. Parker assumes to represent, as owners, under the assignment distributing the property pursuant to Mr. Gilman's will. Proceedings for a further assignment of the property under such will are entirely unnecessary. The assignment already made exhausted the power of the court in that regard. The medium of a legal representative of Mr. Gilman is not necessary in order that the title to the property may reach such assignees. They already· have it, so far as

any proceeding in the settlement of Mr. Gilman's estate could give it to them.

*By the Court.*—The judgment is affirmed.

The appellants moved for a rehearing, on the ground that in so far as the judgment of the circuit court determines that the property in question "belonged absolutely to Mrs. Gilman at the time of her death," the same should be reversed with costs.

The motion was denied June 10, 1904.