FANNY S. BARTLETT, Respondent, *v*. DANIEL DREW, impleaded with the New Jersey Steamboat Navigation Company.

(GENERAL TERM, FIRST DEPARTMENT, NOVEMBER, 1871.)

A foreign corporation sold its property and distributed the avails among its stockholders.—*Held*, that the plaintiff, after execution returned *nulla bona* upon a judgment against the corporation, recovered after the distri bution, but on a claim previously existing, might maintain an action in equity, for the amount of the judgment, against one of the stockholders, who had received upon the distribution, more than the sum due upon the judgment.

THIS was an appeal by the defendant, Drew, from a judgment entered against him on the report of a referee.

The action was brought upon a judgment recovered against the New Jersey Steamboat Navigation Company after execution returned *nulla bona* against the company.

It appeared that the New Jersey Steamboat Navigation Company was an incorporated company under an act of the legislature of New Jersey, passed February 28, 1839, and carried on business as a common carrier in the transportation of passengers and freight between New York city and eastern ports. That the plaintiff recovered judgment against the company September 17, 1866, in an action against it (for negligence in failing to deliver a trunk and its contents, which was received by the company from the plaintiff in July, 1863, for transportation), after trial had upon issue joined by the company as defendant in the action. That execution upon the judgment was issued to the sheriff of New York, which was returned wholly unsatisfied prior to the commencement of this action. That the defendant, Drew, at the time of the recovery of the judgment was

Bartlett *v.* Drew.

a stockholder in the company, and remained so during the month of December, 1863, in which month the steamboats of the company were sold by order of its board of directors, of which board Drew was a member as well as president of the company; and that the net proceeds of the sales were, in the same month, divided among the several stockholders of the company, and that Drew, as his portion thereof, received a sum exceeding the claim of the plaintiff. That the other stockholders (whose names the defendant Drew set forth in his answer claimed that they should have been made parties to the suit) received also their proportionate shares in the distribution of the moneys received from the sales. That the plaintiff notified the corporation immediately after the loss of her trunk, and made a demand upon it therefor. That there were no assets of the corporation upon which an execution upon the judgment could be levied.

The referee found that the plaintiff was entitled to judgment; that the other stockholders were not necessary parties defendant to the action jointly with the defendant Drew, and that there was no defect of parties. That the plaintiff was entitled to recover the amount of the judgment against the company with interest and costs.

*Charles Jones,* for the appellant.

*Edward P. Cowles,* for the respondent.

Present—INGRAHAM, P. J., CARDOZO and BARNARD, JJ.

By the Court—CARDOZO, J. This action is not brought upon the theory that any statute has been violated by Mr. Drew's receiving a portion of the property of the New Jersey company.

The statute of our State in that regard is inapplicable to a New Jersey corporation.

The object of this action is not the dissolution of a corporation: but it is to reach, in the hands of a person who has

possession of it, some of the property of the corporation, the judgment debtor, and subject it to the payment of the plaintiff's judgment.

This is a very common proceeding under a judgment creditor's bill, which this, in effect is, and is still allowable under the Code, § 142. (Voorhies, 10th ed., 175, note *a.*)

*Osgood* v. *Saytin* has no application, being on the statute of this State.

I think the judgment should be affirmed.

Judgment affirmed.