PARADISE, Respondent, vs. RIDENOUR, imp., Appellant.

*February 8—March 7, 1933.*

For the appellant there was a brief by *Max Raskin,* city attorney, and *Joseph L. Bednarek* and *John E. Megna,* assistant city attorneys, and oral argument by *Mr. Megna.*

For the respondent Paradise the cause was submitted on the brief of *John L. Newman* and *Raymond J. Cannon,* both of Milwaukee.

ROSENBERRY, C. J.   The defendant Ridenour was not a party to the action but was brought in under the provisions of ch. 273, Stats., entitled "Remedies Supplementary to Execution."   Under that chapter a judgment debtor may be compelled to answer as to his property either by summons or by a warrant of arrest.   When the judgment debtor appears he may be examined upon oath and witnesses may be required to appear and testify as upon the trial of an issue.

By sec. 273.08 it is provided:

"The judge may order any property of the judgment debtor in the hands either of himself or any other person or due to the judgment debtor, not exempt from execution, to be applied toward the satisfaction of the judgment."

It is further provided:

"But if it appear that any person alleged to have property of the judgment debtor or to be indebted to him claims an interest in the property adverse to him, or denies the debt, such interest or debt shall be recoverable only in an action against such person by the receiver."

Upon this appeal the question is raised as to whether or not Ridenour is a real party in interest.   If he is not a

party he has no right to appeal. Only a party aggrieved by a judgment or order can appeal therefrom. *Hammond-Chandler L. Co. v. Industrial Comm.* 163 Wis. 596, 158 N. W. 292. While this is the general rule, it has been held:

"The adverse party does not necessarily include merely the opposite party appearing upon the record. A person may be an appellant or an adverse party within the meaning of the statute and his name not appear in the litigation resulting in the decision at all. If he has a substantial interest adverse to the decision, that is all that is required for an appellant, whether it be direct or by privity created between himself and the person against whom the decision was rendered by reason of succeeding to his rights after the decision or subsequent to the commencement of the action. (Citing cases.) To determine when the appeal statute is satisfied as to an appellant or a party aggrieved or an adverse party, while, *prima facie,* the original parties on the record may answer, the supreme test is the possession of some substantial interest adverse to the judgment, a revision of which is sought in the appellate court." *Harrigan v. Gilchrist,* 121 Wis. 127, 207, 99 N. W. 909; *Hinn v. Gersten,* 122 Wis. 222, 99 N. W. 338.

It is considered upon the authority of these cases that Ridenour has a right of appeal. While to some extent the remedies supplementary to execution may operate as a garnishment, the proceeding supplementary to execution is not an ancillary proceeding. This is made clear by the provisions of sec. 273.08, Stats., to the effect that, if the witness deny the debt, the debt shall be recoverable only in an action against the person by the receiver. By the commencement of such an action the person who is the custodian of the property becomes a party to an action in which the title to the fund may be determined.

We are earnestly urged by the plaintiff to determine upon this record whether the money offered as a bribe to a police officer is forfeited to the city. Manifestly if there is anything to determine with reference to the legal status of the

fund, then the court commissioner's order to turn the fund over without suit by the receiver is beyond the power of the court commissioner. Neither the defendant Ridenour, as captain of detectives of the police department, nor the city has ever had a day in court with respect to the title to this fund. Nor has an opportunity been given to raise the question of the title of a bribe-giver to the money paid as a bribe.[1] To determine the title to the fund upon this record would be judicial usurpation. The question is not argued here in briefs of appellant except in support of the proposition that the court commissioner was without power to make the order. It is a general rule that in the course of supplementary proceedings the title to property may not be adjudicated where there is a substantial dispute, but the parties are limited to the remedy of suit by the receiver to determine the title. The claim of the witness must be substantial. The witness may be compelled to disclose enough to show that the claim he sets up is not a mere shadow of a claim lacking in substance and reality. The court commissioner's power in the matter is limited to preservation of the *status quo* where the claim is substantial. This procedure is necessary in order to afford the parties due process of law. 23 Corp. Jur. § 1001 and cases cited, also § 1010 and cases cited.

A substantial question as to the title of the fund held by the defendant Ridenour having been raised, the court commissioner was without power to order payment. If necessary to preserve the fund he should have taken the proper steps under the statute and remanded the parties to an action by the receiver against the defendant Ridenour in order that the question might be fully litigated.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to set aside the order of the court commissioner issued in the proceeding and certified to the circuit court.

---

[1] 2 Page on Contracts, § 1066.