Nick, Receiver, Respondent, vs. Holtz, Appellant.

*February 5—April 15, 1941.*

408

For the appellant there was a brief by *Gold & McCann,* and oral argument by *Edward A. Rebholz,* all of Milwaukee.

*Frank E. Hebert* of Tomahawk, for the respondent.

FAIRCHILD, J. Appellant, acting under the authority of his chattel mortgage of August 22, 1938, recorded March 21, 1939, took possession of the airplanes March 21, 1939. Respondent receiver was appointed and qualified March 6, 1939. It is understood to be a fact, as the circuit court found, that the mortgage of appellant is a valid claim giving the appellant a lien upon this particular property.

The question presented upon this appeal is one of practice rather than of substantive law. As stated by the respondent in his motion made in the replevin action after the validity of the mortgage had been determined, the issue is whether respondent is entitled to the judgment "not on the strength of his own case, but, rather, on the failure of the defendant Holtz to petition the court which appointed the receiver to give effect to the lien which he claims by virtue of such chattel mortgage."

In supplementary proceedings title may not be adjudicated where there is a substantial dispute, the remedy being a suit by the receiver to determine the title. Had appellant been aware of the receivership and in recognition of what may be styled an equitable levy resulting from the appointment of the receiver, sought relief in replevin or some appropriate proceeding in a court of general jurisdiction other than the court of appointment, and had the receiver challenged the jurisdiction of that court, we might have before us the proposition now advanced by the respondent. But such is not the case. It is the receiver's duty to raise the objection *in limine*. *Jersey City Welding & Machine Works v. Hudson County White Co.* 116 N. J. Eq. 548, 174 Atl. 516. In the case at bar the receiver chose his own forum, a court having jurisdiction of the subject matter of the proceeding. The real and substantial question was advanced by the issues there made upon the pleadings interposed by the receiver himself. No one has lost any advantage to which he was lawfully entitled.

Authority of the court appointing the receiver was not defied nor was appellant made a party to the proceedings. Appellant insists he had no notice of the supplementary proceedings nor of the appointment of a receiver until after the exercise by him of his right to take possession under the chattel mortgage. That mortgage contained the clause that "in case of any default . . . or if the mortgagee shall deem itself insecure . . . then said note shall at the option of the mortgagee without notice become at once due and payable. . . . and the mortgagee shall thereupon have the right to take possession of said property."

When, in supplementary proceedings, property claimed to belong to a debtor is in the possession of another and such other claims an adverse interest in the property, such interest shall be recoverable only in an action against such person by the receiver, and a transfer or other disposition of such property may be restrained until a sufficient opportunity is given

to the receiver to commence the action and prosecute the same to judgment. Sec. 273.08, Stats. *Paradise v. Ridenour,* 211 Wis. 42, 247 N. W. 472; 2 Wait's Actions and Defenses, p. 217, § 32; 4 Pomeroy, Eq. Jur. p. 3597, § 1531. The receiver has some freedom of action in his effort to accomplish the object sought to be reached by his appointment, and if he does not offend against the law he may proceed without securing a rule in court at every step. Approval of the creditor at whose behest he was appointed may be sufficient ratification, should his act be called in question. 23 R. C. L. p. 79. The court in these proceedings does not undertake to wind up the debtor's affairs. It is clear that in no sense is the procedure a fair liquidation. True, it portions out the debtor's assets among those creditors who are parties to the action, but it does not do so on any basis of equality. Glenn, Creditor's Rights and Remedies, p. 14, § 16.

In a supplementary-proceedings case the court commissioner who appointed respondent receiver, having no jurisdiction to try appellant's claim of adverse interest in the property, the receiver by his election to proceed in replevin in the circuit court of Manitowoc county submitted the whole controversy in regard to title to that court. The issue was not receiver's right to possession under his appointment, but the validity of appellant's adverse claim to the property. Sec. 273.08, Stats., specifically so provides.

Upon his appointment the receiver stands in the shoes of the debtor. He is obliged only to act to protect and secure the debtor's interest in the mortgaged property. Whatever rights of title and possession the debtor may have had at the time of the receiver's appointment went to the receiver, but upon the happening of the conditions there set out appellant could no more be deprived of his right of possession by the receiver than by the debtor himself. 53 C. J. p. 100, § 125; *Saxton v. Williams,* 15 Wis. *292; *Maxcy v. Washburn,* 196 Wis. 566, 218 N. W. 825; 5 Bryant, Wis. Pl. & Pr. (2d ed.) p. 6,

§ 801 *et seq.;* 21 Am. Jur. p. 324, § 682; p. 325, § 686; p. 329, § 696.

The whole case, so far as the rights of the acting creditor, the mortgagee, the debtor, and the receiver are concerned, was properly before a court of competent jurisdiction. There was no timely objection to the jurisdiction of the court, if any objection really existed; and when it was found that there was an honest debt, that appellant had a valid lien upon the property senior to any claim represented by the receiver, and that the appellant acted in good faith in his attempt to realize upon his claim, judgment should have gone in his favor, and the complaint of the respondent dismissed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.

FRITZ, J. (*dissenting*). In the final findings, which are unquestioned on this appeal, the court found that when the plaintiff was appointed receiver of Mulick's assets, he was the owner of the property in question; that title passed to the receiver who became entitled to possession thereof; and that the defendant unlawfully took and detained the property. No counterclaim or other pleading was filed by defendant for affirmative relief and there is no basis therefor in the court's findings upon which the court concluded that the receiver was entitled to judgment for the return of the property. In sustaining the receiver's contentions, the court said,—

"The effect of the appointment of a receiver is to put the property from that time into his custody as an officer of the court. . . . The defendant Holtz took possession of these airplanes after the appointment of the receiver. Consequently the defendant took possession of these airplanes out of the hands of the court. He had no right to do this even as mortgagee."

These conclusions were warranted under the principles applicable to the undisputed facts that the property in question

was in the lawful possession of Mulick on March 6, 1939, when the appointment of plaintiff as receiver of Mulick's property became effective; and that the defendant, Holtz, took possession thereof on March 21, 1939, without the permission of the court which appointed the receiver. Under these circumstances the title and right to possession of the property became vested in the receiver on March 6, 1939. *Hagedon v. Bank of Wisconsin,* 1 Pin. (Wis.) 61; *Barker v. Dayton,* 28 Wis. 367, 382; *United States Rubber Products, Inc., v. Twin Highway Tire Co.* 233 Wis. 234, 244, 288 N. W. 179; *Texas Trunk R. Co. v. Lewis,* 81 Tex. 1, 16 S. W. 647; *Sercomb v. Catlin,* 128 Ill. 556, 71 Am. St. Rep. 366; *Gilkey v. Koch,* 201 N. Y. Supp. 703; *American Bank & Trust Co. v. Feeney Tool Co.* 106 Conn. 159, 137 Atl. 756; 53 C. J. pp. 93, 94, § 117; 23 R. C. L. p. 61, § 68; p. 54, § 58. As the possession of the receiver was the possession of the court, the property was *in custodia legis* and Holtz could not lawfully take possession thereof to enforce his claim as mortgagee without first obtaining the consent of the court which appointed the receiver. *Milwaukee & St. P. R. R. Co. v. Milwaukee & Minn. R. R. Co.* 20 Wis. *165, *171, *172; *Mechanics' Nat. Bank v. Landauer,* 68 Wis. 44, 47, 31 N. W. 160; *Kneisel v. Ursus Motor Co.* 316 Ill. 336, 147 N. E. 243, 39 A. L. R. 1; 23 R. C. L. p. 55, § 59; 53 C. J. p. 111, § 134; p. 331, § 545. Upon Holtz's wrongfully taking possession while the property was *in custodia legis,* the receiver became entitled to maintain replevin to regain possession thereof (*Saxton v Williams,* 15 Wis. *292; *Cagill v. Wooldridge,* 8 Baxt. (Tenn.) 580, 35 Am. Rep. 716; *Chicago, M. & St. P. R. Co. v. Keokuk N. L. Packet Co.* 108 Ill. 317, 48 Am. Rep. 557; *Merchants' Nat. Bank v. McLeod,* 38 Ohio St. 174; *Robertson v. Stead,* 135 Mo. 135, 36 S. W. 610, 33 L. R. A. 203; 23 R. C. L. p. 873, § 24); and consequently I cannot concur in the conclusion that the court erred in ordering judgment for plaintiff.