DEPARTMENT OF REVENUE, Barnett W. FRANKS, Receiver, Plaintiffs-Appellants, v. MILWAUKEE MACK SALES, INC., Defendant-Respondent: B. F. LEASING, INC., Defendant.

Supreme Court

*No. 76–451. Submitted on briefs February 28, 1979.—
Decided June 29, 1979.*
(Also reported in 280 N.W.2d 274.)

For the appellant the cause was submitted on the brief of *Seymour Pikofsky,* attorney, of Milwaukee, and *N. John Fliss,* department of revenue.

For the respondent the cause was submitted on the brief of *Rakita & Rakita* of Milwaukee.

SHIRLEY S. ABRAHAMSON, J. Barnett Franks was appointed receiver at the request of the Department of Revenue (the Department) in a supplementary proceeding brought by the Department against B.F. Leasing, Inc. The circuit court decided, in the supplementary proceeding, that the claim of Milwaukee Mack Sales, Inc. (Mack Sales), an alleged secured creditor of B.F. Leasing, to two trucks had priority over that of the Department or receiver and the circuit court released to Mack Sales the security which Mack Sales had deposited with the clerk of courts. The receiver appeals from the order of the circuit court disbursing the security to Mack Sales. We affirm the order.

On November 11, 1975, and then again on March 5, 1976, the Department docketed a delinquent income tax warrant against B.F. Leasing with the clerk of circuit court for Walworth County.[1] The statutes provide that

---

[1] Sec. 71.13(3)(b), Stats., provides in pertinent part:

"The sheriff shall, within 5 days after the receipt of the warrant, file with the clerk of the circuit court of his or her county a copy of such warrant, unless the taxpayer makes satisfactory arrangements for payment with the department, in which case, the sheriff shall, at the direction of the department, return such warrant to it. The clerk shall docket the warrant as required by s. 806.11, and upon docketing the amount of such warrant, together with interest required by sub. (1) shall be considered in all respects as a final judgment creating a perfected lien upon the taxpayer's right, title and interest in all of the real and personal

if a warrant is returned not satisfied in full the Department has the same remedies available to it to enforce its claims for taxes as a judgment creditor.[2] These remedies include remedies supplementary to execution pursuant to ch. 816, Stats. Accordingly, on March 24, 1976 on motion of the Department, Barnett Franks was appointed receiver by the court commissioner of Walworth County pursuant to sec. 816.04, Stats.[3]

On June 21, 1976 Mack Sales gave notice of a public sale of two trucks which B.F. Leasing had purchased from Mack Sales in August, 1975. Mack Sales had retained a security interest in the trucks under the sales agreement, but the security interest was not perfected

property of the taxpayer against whom it is issued in the county where the warrant or duplicate copy of the warrant is docketed. Such perfected lien shall not give the state priority over preexisting lienholders. . . ."

[2] Sec. 71.13(3)(d), Stats. 1975, provides:

"If a warrant be returned not satisfied in full, the department of revenue shall have the same remedies to enforce the claim for taxes, penalties, interest, and costs as upon a judgment against the taxpayer for the amount of same."

[3] Sec. 816.04, Stats. 1975, provides:

"816.04 Appointment of receiver

"A receiver may be appointed but before appointing a receiver the court or judge shall ascertain, if practicable, whether any other supplementary proceedings are pending against the judgment debtor, and if there be any, the plaintiff therein shall have notice to appear and shall have notice of all subsequent proceedings in relation to such receivership. There shall be but one receivership at any time."

[4] It appears that Mack Sales repossessed the two trucks pursuant to the security agreement. One of the trucks had been in the possession of B. F. Leasing in Walworth County and was repossessed and moved to Milwaukee County on April 10, 1976. The other truck had been abandoned by B. F. Leasing on April 9, 1976, in Baltimore, Maryland. Mack Sales sent this truck to Milwaukee County in May.

until May 14, 1976, after Mack Sales had repossessed the trucks[4] and after the receiver had been appointed.[5]

On June 25, 1976, the receiver gave the attorney for Mack Sales notice that he would seek an order restraining the sale of the trucks. On June 28 the circuit court issued the requested restraining order to prevent the sale. A copy of the restraining order was served on the attorney for Mack Sales.

The restraining order was issued pursuant to sec. 816.08, Stats., which provides:

"816.08  **Property to be applied to judgment**

"The court or judge may order any property of the judgment debtor or due to the judgment debtor, not exempt from execution, to be applied toward the satisfaction of the judgment; but if it appear that any person alleged to have property of the judgment debtor or to be indebted to him claims an adverse interest in the property or denies the debt, such interest or debt shall be recoverable only in an action against such person by the receiver; and a transfer or other disposition of such property or interest may be restrained till a sufficient opportunity

[5] Sec. 342.19(1) and (2), Stats. provides for the perfection of a security interest

"(1) Unless excepted by s. 342.02, a security interest in a vehicle of a type for which a certificate of title is required is not valid against creditors of the owner or subsequent transferees or secured parties of the vehicle unless perfected as provided in this chapter.

"(2) Except as provided in sub. (2m), a security interest is perfected by the delivery to the department of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the secured party, and the required fee. It is perfected as of the time of its creation if such delivery is completed within 10 days thereafter, and without regard to the limitations expressed in s. 409.301(2); otherwise, as of the time of such delivery.

"(2m) If a secured party whose name and address is contained on the certificate of title for a vehicle acquires a new or additional security interest in the vehicle, such security interest is perfected at the time of its attachment under s. 409.203."

be given to the receiver to commence the action and prosecute the same to judgment and execution or until security therefor shall be given as ordered."

A hearing on the restraining order was held August 10, 1976. In a memorandum decision issued September 1, 1976, the circuit court held that the lien of Mack Sales had priority over the claim of the Department. The circuit court found that Mack Sales had perfected its lien against the two trucks on May 14, 1976. As to the Department's claim to an interest in the trucks, the circuit court reasoned that that claim was based upon sec. 71.13, Stats., that prior to May 5, 1976 that statute created a lien against only real property, not personal property,[6] and that therefor prior to that date the Department had no lien against the two trucks. The circuit court found that on May 5, 1976 and thereafter (when the Department's lien accrued against personal property in Walworth County under the revised version of the statute)[7] neither truck was in Walworth County. The Department's tax warrant had been docketed only in Walworth County. The circuit court concluded that sec. 71.13, Stats., did not give the Department a lien

---

[6] "Sec. 71.13(3)(b), Stats. 1973:

"(b) The sheriff shall, within 5 days after the receipt of the warrant, file with the clerk of the circuit court of his county a copy thereof, unless the taxpayer makes satisfactory arrangements for the payment thereof with the department, in which case, the sheriff shall, at the direction of the department, return such warrant to it. The clerk shall docket the warrant as required by s. 270.745, and thereupon the amount of such warrant, together with interest required by sub. (1) shall become a lien upon the real property of the taxpayer against whom it is issued in the same manner as a judgment duly docketed in the office of such clerk. . . ."

[7] Sec. 71.13(3)(b), Stats. 1973, was amended effective May 5, 1976 to provide that the docketing of a warrant in a county creates a judgment lien against whom it is issued in all of the real and personal property in that county. See note 1, supra.

against the trucks between May 5 and May 14, 1976, when Mack's lien was perfected.

The circuit court consequently directed Mack Sales to draft an order dissolving the restraining order, but this order was never entered. Instead, upon the receiver's motion, the circuit court scheduled an evidentiary hearing on the issue of the location of the trucks from May 5, 1976 through May 14, 1976.

The receiver and Mack Sales then entered into a stipulation providing that Mack Sales would deposit $30,000 with the clerk of courts "until further disposition of the court," that the court might dissolve the restraining order, that the receiver released all claims to the trucks, and that the receiver's claims would attach instead to the $30,000 held by the clerk.

On October 14, 1976, the circuit court issued an order approving the stipulation and accordingly it dissolved the restraining order, authorized Mack Sales to sell the trucks and required Mack Sales to deposit $30,000 with the clerk "until further disposition of the court."

The evidentiary hearing requested by the receiver was held on December 29, 1976, and by order entered January 17, 1977, the circuit court found that the two trucks had not been in Walworth County since April 9 and 10, 1976, respectively. The circuit court ordered that the temporary restraining order be dissolved, that the motion to restrain Mack Sales from selling or otherwise disposing of the collateral "be dismissed on the merits" and that the clerk be directed to pay the $30,000 deposit to Mack Sales on the 20th day following entry of the order. The receiver did not apply for a stay of execution or of enforcement of the order, and the deposited sum was paid to Mack Sales as ordered.

The receiver appeals from the circuit court's order of January 17, 1977, asserting that both as receiver and as representative of the Department he has a lien superior

to that of Mack Sales and therefore the $30,000 should have been disbursed to the receiver for the benefit of the Department, not to Mack Sales. We do not reach the question whether Franks, either as receiver or as standing in the shoes of the Department, has a lien superior to that asserted by Mack Sales, because this issue cannot be determined in a supplementary proceeding. The receiver, appointed pursuant to ch. 816, Stats., has misconstrued the remedy available to receivers under that chapter.

Sec. 816.08 provides that "if it appear that any person alleged to have property of the judgment debtor . . . claims an adverse interest in the property . . . such interest . . . shall be recoverable only in an action against such person by the receiver." Past decisions of this court construing this statutory language have clearly established the limits of supplementary proceedings.

A supplementary proceeding is not an independent action or proceeding but a proceeding in the action against a judgment debtor. *Barker v. Dayton,* 28 Wis. 367, 380 (1871). As such, it is an adversary proceeding against the debtor; no issue can be tried between the receiver (or judgment creditor) and a third person as to any interest or right such third person asserts in property allegedly belonging to the defendant. *Blabon v. Gilchrist,* 67 Wis. 38, 44–45, 29 N.W. 220 (1886).

We have said that where there is a genuine dispute between the receiver and a third party as to their rights in the property, the dispute must be adjudicated in a suit by the receiver. In *Paradise v. Ridenour,* 211 Wis. 42, 46, 247 N.W. 472 (1933), we stated:

". . . It is a general rule that in the course of supplementary proceedings the title to property may not be adjudicated where there is a substantial dispute, but the parties are limited to the remedy of suit by the receiver

to determine the title. The claim of the witness [alleging an interest in the disputed property] must be substantial. The witness may be compelled to disclose enough to show that the claim he sets up is not a mere shadow of a claim lacking in substance and reality. The court commissioner's power in the matter is limited to preservation of the *status quo* where the claim is substantial."

*See also Nick v. Holtz,* 237 Wis. 407, 297 N.W. 387 (1941) ; Moss, Supplementary Proceedings in Wisconsin, 23 Marq. L. Rev. 49, 53–55 (1939).

Other courts have similarly construed supplementary proceedings. In *Ryan v. Maxey,* 14 Mont. 81, 84, 35 P. 515 (1894), the Montana Supreme Court stated:

"It seems to have been the intention of the framers of that statute [creating supplementary proceedings] to provide a summary process for the discovery and application to the judgment, of property subject to execution, concealed and withheld by the debtor, or others in collusion with him, without pretending when it came to a test under oath, to assert any substantial ground therefor. But where the property alleged to belong to the judgment debtor is claimed by others, either by way of absolute title or pledge or mortgage, . . . such claims of ownership . . . [or] lien . . . cannot be adjudicated and determined summarily, and the property ordered applied to the judgment, with none of the usual formalities of forming issues and trial guaranteed as applicable to the determination of property rights." [8]

---

[8] Epstein & Landers, *Debtors & Creditors, Cases & Materials* 116–117 (1978), described this limited scope of the supplementary proceedings and commented on *Ryan* as follows:

"While a few states have amended supplementary proceedings statutes so that the court can adjudicate rights and interests in the debt or property which is the subject of the proceeding, the above quoted language in *Ryan* accurately reflects the state of the law in most jurisdictions."

For a similar statutory provision similarly construed see sec. 575.06, Minn. Stats. Annot.; *Freeman v. Larson,* 199 Minn. 446, 272 N.W. 155 (1937). *See also Greater Valley Terminal Corp. v. Goodman,* 415 Pa. 1, 6, 8, 202 A.2d 89 (1964) :

The requirement that the receiver bring an independent action against a third party claiming an interest in property alleged to belong to the judgment debtor arises from the summary nature of the supplementary proceeding. To allow the circuit court to adjudicate the respective rights of the receiver and Mack Sales in the supplementary proceeding would be to deprive Mack Sales of the protections afforded by an adversary proceeding with summons, pleadings, pre-trial procedures, trial, judgment and execution on the judgment. *Paradise v. Ridenour*, 211 Wis. 42, 46, 247 N.W. 472 (1933); *Greater Valley Terminal Corp. v. Goodman*, 415 Pa. 1, 202 A.2d 89 (1964).

". . . Although this is apparently a question of first impression in this Commonwealth, it is well settled in most of the jurisdictions which have considered the problem that a court cannot summarily determine conflicting rights or claims made in good faith to property in the possession of third persons in proceedings supplementary to execution. See, Annot. 40 A.L.R. 903, 908–909, and cases cited therein; 21 Am. Jur., Executions sec. 676 (1939). In such cases the court will leave the parties to litigate their rights in a plenary action appropriate for this purpose. 21 Am. Jur., Executions, supra. Since to hold otherwise is to deprive defendants in such actions of the protection afforded by the safeguards of a full hearing, we are in complete accord with this general rule and therefore adopt it as the law of Pennsylvania.

". . .

"If the courts of Pennsylvania are to have the power to adjudicate title to property in plenary proceedings supplementary to execution, either the Legislature or our Rules of Court must specifically so provide. Rule 3118 authorizes summary proceedings in aid of execution for the purpose of maintaining the status quo as to the judgment-debtor's property and it may be used only for that purpose. . . ."

Riesenfeld, *Cases and Materials on Creditors' Remedies and Debtor's Protection* 289 (2d ed. 1975), commented on the *Goodman* case as follows:

"The . . . case represents the traditional rule that supplementary proceedings are summary in nature and do not permit the adjudication of ingenuous disputes concerning the rights of third

**██** In the instant case the receiver's powers are defined and limited by Ch. 816, Stats., under which the receiver was appointed. Contrary to sec. 816.08, Stats., the receiver in the instant case has attempted to adjudicate its rights against Mack Sales within the framework of the summary supplementary proceeding, instead of within the framework of a separate adversary proceeding. The circuit court in the case at bar had no power to try the claims of the receiver, the Department, or Mack Sales to the property. The circuit court erred in making any adjudication determining rights in the two trucks.

In the supplementary proceeding the circuit court could, however, review the claims of the receiver and Mack Sales to determine whether a restraining order should issue under sec. 816.08, Stats. Sec. 816.08 authorizes the court to issue a restraining order; it does not require the issuance of an order. Sec. 816.08 provides in part that "a transfer or other disposition of such property [i.e. property in which the possessor claims an adverse interest] . . . *may* be restrained till a sufficient opportunity be given to the receiver to commence the action [against the possessor] and prosecute the same

---

parties in property claimed to be that of the debtor or of disputes concerning debts claimed to be owed to him."

Riesenfeld (p. 276) described the character and scope of supplementary proceedings as follows:

"The primary objectives of supplementary proceedings are to discover assets from which the judgment may be collected in the hands of the debtor or a third party and to subject them to satisfaction of the judgment creditor and to reach assets which because of their nature are not otherwise amenable to the execution process (as e.g., a U. S. patent). Traditionally, however, such proceedings suffered from two technical limitations. They were available only upon the return of an execution as unsatisfied and, being summary in nature, had to be dismissed and followed by an independent action, if the third party asserted an adverse claim."

to judgment and execution or until security therefor shall be given as ordered."

In the case at bar Mack Sales claimed an adverse interest in the property. The receiver, in the supplementary proceeding entitled *State of Wisconsin, Dept. of Revenue, Barnett W. Franks, Receiver v. B.F. Leasing, Inc.*, served Mack Sales with the circuit court's order dated June 28, 1976 restraining the sale of the property.

By the terms of sec. 816.08, Stats., this restraint could be imposed only until either (a) the receiver had a sufficient opportunity to commence an action against Mack Sales and prosecute the same to judgment and execution, or (b) security is deposited in lieu of the contested property. Here the sum of $30,000 was deposited with the clerk of courts as security and the order restraining the sale of the property was dissolved by the circuit court on October 14, 1976.

Although sec. 816.08 does not expressly limit the length of time the circuit court may hold such security, there can be no doubt that the court's retention of the security may extend only so long as necessary to provide the receiver a sufficient opportunity to commence and prosecute an action against the party claiming an interest in the disputed property. The security takes the place of the restraint upon disposition of the property, and the statutory purpose of that restraint is to preserve the *status quo* until an adjudication can be made as to the rights of those concerned in the disputed property. *Paradise v. Ridenour*, 211 Wis. 42, 46, 247 N.W. 472 (1933). If the retention of the security by the court were not so limited, the receiver could indefinitely deprive the third party of the security by not commencing an action against that party.

Over six months elapsed between the order restraining Mack Sales from disposing of the trucks and the order

directing the clerk to return the security to Mack Sales. There is no evidence in the record, and the receiver does not assert, that at any time during that period of time the receiver commenced a separate action against Mack Sales of the nature contemplated by sec. 816.08, Stats. In the circumstances of the instant case, we conclude that this period of time gave the receiver a "sufficient opportunity . . . to commence the action" and that having been provided with the protection of the restraining order and security during this "sufficient opportunity," the receiver may not now object to the circuit court's disbursement of the security to Mack Sales. This disbursement of funds complies with the requirements of Ch. 816, Stats., which defines the receiver's powers.

We therefore affirm the circuit court's order disbursing the $30,000 security to Mack Sales.

*By the Court.*—Order affirmed.

COFFEY, J., took no part.