COURT OF APPEALS
DECISION
DATED AND FILED

July 9, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP576**

**STATE OF WISCONSIN**

Cir. Ct. No. 2015CV1673

**IN COURT OF APPEALS
DISTRICT IV**

JOHN M. WIRTH,

    PLAINTIFF-RESPONDENT,

    V.

GWEN A. BOSBEN AND B&G BOSBEN LLC,

    DEFENDANTS-APPELLANTS,

BRUCE R. BOSBEN,

    DEFENDANT.

APPEAL from an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Affirmed*.

Before Kloppenburg, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   This case involves fraudulent transfer claims against Bruce Bosben, his wife Gwen Bosben, and their solely owned entity, B&G Bosben LLC.[1]  Gwen and B&G appeal a circuit court order that granted summary judgment against all three defendants and invalidated Bruce's transfer of property interests to Gwen and B&G on the ground that the material issues had already been decided in a prior lawsuit.   Gwen and B&G contend that the circuit court misunderstood the scope of the prior decision, that the property is exempt from execution under WIS. STAT. § 815.18(3)(b)2. and (10) (2017-18),[2] and that Bruce's transfer of the property is not subject to fraudulent transfer attack.  For the reasons set forth below, we reject these arguments and affirm.

## BACKGROUND

¶2      There are two parallel proceedings that are important to the issues on appeal.  The first is Dane County case 2010CV4324, which was the subject of a prior appeal.  *See Gebhardt v. Bosben*, No. 2016AP2531, unpublished slip op. (WI App Nov. 22, 2017).  We refer to that case, including the supplemental proceedings that followed, as the "judgment action," and we refer to the circuit court that presided over those proceedings as the "judgment court."   The second is Dane

---

[1]  For ease of reading, we refer to Bruce Bosben and Gwen Bosben by their first names, and we refer to the limited liability company as B&G.  At times, we refer to Gwen and B&G collectively as Gwen/B&G.

[2]  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

County case 2015CV1673, which is the subject of the current appeal, and which we refer to as the "fraudulent transfer action."

¶3      We begin by setting forth the procedural history of the judgment action with some detail, since this history is important to our analysis of issue preclusion in this case.  Bruce was the sole defendant, and the plaintiff, Chad Gebhardt, obtained a judgment against him in the amount of $610,896.55.  After the judgment was entered, Bruce transferred his ownership interests in various companies and real estate to Gwen and B&G.  Attorney John Wirth was appointed as a receiver in supplemental proceedings to collect on the judgment, and he filed a motion seeking turnover of the property.  At certain times during the proceedings that followed in the judgment court, the same attorney who represented Bruce also represented Gwen and B&G and appeared on their behalf, at least for limited purposes.  However, Gwen and B&G were never served a summons and complaint, and neither became parties to the judgment action.

¶4      WISCONSIN STAT. § 815.18 provides that certain property is exempt from execution to satisfy a judgment.  Bruce argued that the property he had transferred was wholly exempt under § 815.18(3)(b)2. and (10) because its aggregate value was less than $15,000, but the judgment court disagreed.  It noted that the property interests Bruce had transferred had a gross value worth millions of dollars, but that it was unable to make a determination of its net value based on the financial documents that Bruce had provided.  Ultimately, the court determined that the property was not exempt under § 815.18(10) because Bruce had transferred it with the intent to defraud Gebhardt.  The court entered an order that, among other things, purported to avoid (that is, invalidate) the transfers and require Bruce to surrender the property to satisfy Gebhardt's judgment.

3

¶5      Bruce filed a motion seeking relief from the order.  The judgment court reversed the portions of its prior decision that avoided the transfer and ordered Bruce to surrender the property on the grounds that Gwen and B&G had not been parties in the judgment action.[3]  However, the court did not reverse its prior determination "that the properties which were transferred [to Gwen/B&G] were not exempt pursuant to 815.18(10) …."  As the court explained, Bruce had "fully litigated the issue of the exemptions," and "[s]ustaining this finding does not impair the rights of the third party owners of the properties"—that is, Gwen and B&G— "because the issue of exemption does not go to or impede their rights, or their ability to litigate those rights.  The issue belongs to the debtor who, allegedly, fraudulently transferred assets – and not to the third party holders of such assets."

¶6      Bruce appealed, and we affirmed.  *Gebhardt*, No. 2016AP2531. Among other things, Bruce argued that the judgment court lacked authority to decide whether the transferred properties were exempt because Gwen and B&G were not parties to the judgment action, and the court's determination would affect their rights in subsequent proceedings.  *Id.*, ¶13.  We rejected that argument, *id.*, ¶¶14-21, and we upheld the judgment court's determination that Bruce had no right to claim exemptions in those property interests under WIS. STAT. § 815.18 (10), *id.*, ¶¶27-29.

¶7      Meanwhile, Wirth had also initiated this fraudulent transfer action against Bruce, Gwen, and B&G.  In this action, Wirth seeks to avoid the transfers under WIS. STAT. §§ 242.04 and 242.05 so that the property will be available to satisfy the money judgment.  Gwen and B&G have not advanced any of the defenses

---

[3] The judgment court cited *Department of Revenue v. Milwaukee Mack Truck Sales, Inc.*, 91 Wis. 2d 1, 280 N.W.2d 274 (1979) for the proposition that the transferees, Gwen and B&G, were necessary parties to any proceeding that avoided the transfer.

available to transferees in a fraudulent transfer action under WIS. STAT. § 242.08, and during a hearing, their attorney conceded that those defenses are unavailable based on the undisputed evidence.

¶8      After we issued our decision in Bruce's appeal of the judgment action, Wirth and Gwen/B&G filed cross-motions for summary judgment in this fraudulent transfer case. Gwen and B&G advanced the same argument that had been rejected in the judgment action: that the transferred property was exempt from execution under WIS. STAT. § 815.18(3)(b)2. and (10) because its aggregate value may be less than $15,000. Gwen/B&G also argued that Wirth had the burden to prove that the transferred property was not wholly exempt based on its value on the dates it was transferred. They argued that they were entitled to summary judgment because Wirth failed to name an expert to offer evidence on this issue.

¶9      The circuit court granted summary judgment to Wirth and denied summary judgment to Gwen/B&G. According to the court, the only disputed issue was whether the transferred property was exempt from execution under WIS. STAT. § 815.18, and this issue had already been determined in the judgment action. The court concluded that Gwen/B&G were not allowed to relitigate that issue in this fraudulent transfer action. The court determined that the transfers were fraudulent and thus avoided them, making the property that Bruce had transferred available to satisfy the judgment. Gwen and B&G appeal.

## DISCUSSION

¶10      Gwen and B&G contend that the circuit court erred when it granted summary judgment in Wirth's favor, and they advance a number of arguments in support of this position. First, they contend that the circuit court misconstrued the scope of the prior decisions from the judgment action. Although their discussion

about the scope of those decisions is difficult to parse, we understand Gwen and B&G to be arguing that the judgment court could not and did not determine their rights to claim an exclusion, that it merely discussed Bruce's "future" right to claim an exclusion and that it could not have actually adjudicated whether the transferred property is exempt because it did not make any determination about its value. Second, Gwen and B&G argue that, based on their interpretation of WIS. STAT. § 815.18(10), the court should have determined the value of the transferred property as a prerequisite to determining whether it was exempt. Finally, they contend that the circuit court should have granted summary judgment in their favor because, they assert, Wirth had the burden to prove that the property was not exempt, and he did not offer any evidence on that issue.

¶11    For the reasons we explain below, we conclude that all of Gwen and B&G's arguments are disposed of on the basis of issue preclusion. But before turning to the elements of that doctrine, we first consider two threshold issues. The first is whether Gwen and B&G have an independent right, separate from Bruce, to claim that the transferred property is exempt from execution under WIS. STAT. § 815.18. The second relates to Bruce's exemption claim, and whether that issue was decided in the judgment action.

### I. Gwen and B&G's Rights to Claim an Exemption

¶12    Wirth argues that Bruce is the only party who can claim an exemption under WIS. STAT. § 815.18. To understand this argument, it is important to distinguish between Bruce, who was the "debtor" and who transferred the property at issue in this case, and Gwen/B&G, who are the "transferees" and are not themselves "debtors." Wirth argues that the right to claim an exemption belongs to the debtor, and that as the only debtor, Bruce is the only party that has this right.

The implication of Wirth's argument is that even though Gwen and B&G would benefit from a determination that the transferred property is exempt from execution, they have no independent right to claim an exemption under § 815.18.

¶13    Wirth cites language in WIS. STAT. § 815.18 that appears to support his argument about the parties' respective rights.  Section 815.18(6) is entitled "Claiming exemptions," and it provides that "a *debtor* shall affirmatively claim an exemption" and that "the *debtor* may make the claim at the time of seizure of property or within a reasonable time after the seizure."  (Emphasis added.)  Wirth also cites to WIS. STAT. § 242.08, entitled "Defenses, liability and protection of transferee," which specifically identifies defenses that a transferee may make to defend against a fraudulent transfer claim.  None of these statutory defenses relate to whether the transferred property interests were exempt from execution.  *See **id.***

¶14    Gwen and B&G do not respond to Wirth's interpretation of these statutes.  Nor do they cite any other statutes or authority or make any legal argument that Gwen and B&G have an independent right to defend against the fraudulent transfer claim on the basis that the property was exempt from execution.  They are silent on this issue, and we take their failure to respond to Wirth's argument as a concession.[4]  Based on this concession, we determine that Gwen and B&G, as transferees, do not have an independent right to defend against the fraudulent transfer claims by arguing that the transferred property is exempt from execution.  We note that this conclusion is consistent with the judgment court's understanding,

---

[4] *See **United Coop. v. Frontier FS Coop.***, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (an appellant's failure to respond to an argument made in a response brief can be taken as a concession).

quoted above, that "the issue [of exemptions] belongs to the debtor who, allegedly, fraudulently transferred assets – and not to the third party holders of such assets."

## II. Bruce's Exemption Claim

¶15     We now turn to Bruce's exemption claim, and whether that issue was already decided in the judgment action and subsequent appeal.  If Gwen and B&G mean to argue that the judgment court made no determination about Bruce's rights to claim an exemption, we disagree.  As mentioned above, we upheld the judgment court's determination "that the transferred interests are not exempt from execution" based on that court's interpretation and application of WIS. STAT. § 815.18(10). *Gebhardt*, No. 2016AP2531, ¶1.  We stated that "the [judgment] court acted within its authority in denying Bruce's exemption claims in *all* of the transferred interests." *Id.*, ¶28 n.7.  We further stated that, "[a]s a result of this exemption determination, the transferred interests could potentially be applied to satisfy the judgment." *Id.*, ¶1.  Finally, we recognized that the decision about Bruce's exemption rights would likely impact this fraudulent transfer proceeding, and we described that result as "unobjectionable." *Id.*, ¶21.

¶16     Gwen and B&G's argument to the contrary is difficult to follow, but it appears to turn on our use of the word "potential" when describing Bruce's right to claim an exemption. *See id.*, ¶19 (stating that the circuit court had authority to address "Bruce's potential rights to exemptions").  Gwen and B&G argue that "[p]otential rights ipso facto mean future rights, not present right."  As best as we can tell, they are suggesting that the judgment court was simply offering an opinion about the likelihood that Bruce's exemption claim would succeed at some later point in this fraudulent transfer action, when it would be time for Bruce to claim an

exemption. This argument depends on logic that we expressly considered and rejected in the earlier appeal,[5] and we consider it no further here.

¶17 Accordingly, we conclude that the judgment court already considered and rejected Bruce's argument that the property was exempt from execution, and that decision was affirmed on appeal. We further conclude that Bruce would be barred from relitigating the issue in this case. *Paige K.B. v. Steven G.B.*, 226 Wis. 2d 210, 219, 594 N.W.2d 370 (1999) ("[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."). Again, our conclusion is consistent with the understanding of the judgment court at the time it partially granted Bruce's motion for relief from judgment. As the judgment court explained, "Under this ruling, Bruce Bosben ought to be precluded from claiming within [the fraudulent transfer action] that the properties were wholly exempt and therefore could be transferred to Mrs. Bosben and the LLC, without taint of fraud."

### III. Issue Precision

¶18 We now turn to whether the circuit court erred when it concluded that like Bruce, Gwen and B&G are also barred from relitigating the exemption issue in this case. "Issue preclusion, formerly known as collateral estoppel, is designed to limit the relitigation of issues that have been actually litigated in a previous action."

---

[5] Gwen and B&G suggest that the judgment court could not have adjudicated Bruce's right to claim an exemption because "Bruce did not possess any ownership interest" in the property that he had already transferred to Gwen and B&G, and the court only had authority to make decisions about property that actually belonged to the debtor. We considered and rejected this same argument in the appeal of the judgment action. As we explained, it was "circular reasoning" to contend that the judgment court "cannot consider whether a debtor can be denied exemptions due to a fraudulent transfer of a property interest because the debtor has already made the transfer." *Gebhardt v. Bosben*, No. 2016AP2531, unpublished slip op. at ¶24 (WI App Nov. 22, 2017).

***K.B.***, 226 Wis. 2d at 219 (internal quotations and citations omitted). Although Gwen and B&G were not parties to the judgment action, issue preclusion can still also apply if it "comports with due process" and is "fundamentally fair," based on a two-part test. ***Id.*** at 224-25.

¶19 The first step is whether Bruce, Gwen, and B&G have a sufficient identity of interests to comport with due process. *See **id.*** at 224 ("[t]he threshold issue is whether [the person who was not a party to the prior action] was in privity or had sufficient identity of interests [with the party to that prior action] to comport with due process") (quoted source omitted). As discussed above, Gwen and B&G do not have any independent right to assert an exemption. And notably, they make no argument that they lack a sufficient identity of interest with Bruce regarding Bruce's exemption rights.

¶20 Gwen is Bruce's spouse, and B&G is an entity solely owned by Bruce and Gwen. All three have been represented by the same attorney. All three would benefit from a determination that the transferred property was exempt, and, as the judgment court remarked, Bruce "fully litigated the issue of the exemptions." Based on these facts and Gwen/B&G's failure to develop any persuasive argument to the contrary, we agree with Wirth that the parties have a sufficient identity of interests to warrant application of issue preclusion in this case.

¶21 In the second step of the issue preclusion analysis, we consider whether applying the doctrine comports with principles of fundamental fairness. ***Id.*** at 225. Among other things, we consider whether there are any differences between the proceedings such that it would be unfair to bar relitigation of an issue, and whether public policy considerations weigh in favor or against application of the

doctrine. *See Aldrich v. LIRC*, 2012 WI 53, ¶110, 341 Wis. 2d 36, 814 N.W.2d 433 (setting forth factors to consider in fundamental fairness analysis).

¶22 Again, Gwen/B&G make no argument about the principles of fundamental fairness. They do not identify any differences between the proceedings as to the parties' right to review, legal standards, or burdens of persuasion, nor do they identify any public policy considerations that would relitigation of Bruce's right to an exemption. Instead, Gwen and B&G's argument against issue preclusion appears to depend on the fact that the judgment court did not determine Gwen or B&G's rights. While true, this fact is immaterial because, as we have explained, Gwen and B&G do not have any independent right to claim an exemption.

¶23 Accordingly, we conclude that the sole defense that Gwen and B&G asserted to the fraudulent transfer claims—that the property is exempt under WIS. STAT. § 815.18(10)—is barred by issue preclusion. This determination is dispositive, and it resolves all remaining issues that Gwen and B&G raise on appeal.[6]

> *By the Court.*—Order affirmed.

This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

---

[6] Gwen and B&G strain mightily to convince us that WIS. STAT. § 815.18(10) should be interpreted such that the value of the property had to be determined before Bruce's exemptions rights could be decided, and that Wirth had the burden to prove that the property was not exempt. These arguments are beside the point because it has already been decided that the property is not exempt and that issue cannot be relitigated here.